## GAGE v. UNITED STATES.
### No. 49461.

United States Court of Claims.
Jan. 8, 1952.

Edward S. Irons, Washington, D. C., for the plaintiff. Hamer H. Jamieson, Los Angeles, Cal., was on the briefs.

H. L. Godfrey, Washington, D. C., with whom was Asst. Atty. Gen., Holmes Baldridge, for the defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

WHITAKER, Judge.

Plaintiff alleges that he was the true, original, and first inventor of certain new and useful improvements in differential pumps, a patent on which was granted him on May 25, 1942. He sues because he says that the defendant on June 1, 1942, issued specifications for a pump-type fire extinguisher which embodied his invention, and that the defendant had caused large numbers of manufacturers to manufacture and sell to it pumps made in accordance with these specifications.

Defendant moves for a summary judgment on the ground that the petition shows on its face that plaintiff's cause of action accrued more than six years prior to the filing of his petition on January 26, 1950. Defendant says that plaintiff's right of action under section 1498 of Title 28 U.S.C., is an eminent domain action and that under it a patentee's right of action against the United States accrues at the time the defendant first used or manufactured, or had manufactured for it, a device embodying the invention.

Plaintiff, of course, admits that any manufacture or use by the defendant more than six years before the filing of the petition is barred, but says that he is entitled to recover for any manufacture or use within the six-year period.

On the authority of Irving Air Chute Co., Inc. v. United States, 93 F.Supp. 633, 117 Ct.Cl. 799, the defendant's motion for summary judgment is denied.

We reaffirm what we had to say in the opinion in that case. We merely add that we think the wording of section 1498 of Title 28 U.S.C. compels the conclusion we reached, to wit, that a patentee may maintain a suit against the defendant for a use of his invention within six years before his petition is filed, even though the defendant had previously used it more than six years before the petition was filed.

Section 1498 says "whenever" an invention is used by the United States the owner may bring an action therefor in this court. "Whenever" means, "at whatever time" or "no matter when." The first use would give rise immediately to a cause of action. Then, later, another use, perhaps after a long interval, would give rise to another cause of action. Such seems to have been the plain intent of the statute. "Whenever", the statute says, a patented "invention * * * is used or manufactured by or for the United States * * * the owner's remedy shall be by action against the United States in the Court of Claims * * *." It does not say when it is first used the patentee shall have a right of action, but "whenever" it is used.

Indeed, it seems unnecessary to determine whether the use by the United States was under its power of eminent domain or was a tortious act; whichever it was, the Act says the use gives the owner a right of action. His right of action is "founded upon [an] Act of Congress," whether the use was tortious or under the power of eminent domain.

To say that the use was under the power of eminent domain, under which power the defendant took a license to use the patent, and that the cause of action then accrued, and that no further cause of action for its later use could accrue, is to set at naught the plain words of the Act, which says that "whenever" there is a use, there is a cause of action.

If, at the time the defendant first used the invention, it "took" a license to do so under its power of eminent domain, the

questions then are, for what period of time did it take a license for the manufacture of how many articles, etc. In order to give full effect to the intent of the statute, is it not proper to say that it took the license only for the manufacture or use of the articles then on order, and that, later, when it manufactured or used others, it took another license?

At any rate, it seems evident, as we said in Irving Air Chute Co., Inc. v. United States, supra, that there cannot be applied to the use of a patented article the ordinary rule relative to the accrual of a cause of action for a taking by the defendant.

Defendant's motion for summary judgment is denied.

JONES, Chief Judge, and HOWELL, MADDEN and LITTLETON, Judges, concur.