inal with the plaintiff, and was patentable. But the plaintiff did not patent it and thereby obtain a statutory monopoly of the process. On the contrary, he disclosed the method to the public, by preparing and copyrighting his design. The only monopoly which the copyright gave him was the exclusive right to reproduce the design, as an artistic figure. The Supreme Court of the United States, in Baker v. Selden, 101 U. S. 99, 25 L.Ed. 841, said:

"\* \* \* the question is, whether the exclusive property in a system of bookkeeping can be claimed, under the law of copyright, by means of a book in which that system is explained? \* \* \* To give to the author of the book an exclusive property in the art described therein, when no examination of its novelty has ever been officially made, would be a surprise and a fraud upon the public. That is the province of letters patent, not of copyright. The claim to an invention or discovery of an art or manufacture must be subjected to the examination of the Patent Office before an exclusive right therein can be obtained; and it can only be secured by a patent from the Government. \* \* \* Now, whilst no one has a right to print or publish his book, or any material part thereof, as a book intended to convey instruction in the art, any person may practise and use the art itself which he has described and illustrated therein. The use of the art is a totally different thing from a publication from the book explaining it. The copyright of a book on bookkeeping cannot secure the exclusive right to make, sell, and use account books prepared upon the plan set forth in such book. Whether the art might or might not have been patented, is a question which is not before us. It was not patented, and is open and free to the use of the public."

There are cases in which the reproduction, in solid form, of copyrighted pictures, has been held to be an infringement of the copyright. In King Features Syndicate v. Fleischer, 299 F. 533, the Circuit Court of Appeals for the Second Circuit held that a toy or doll embodying a copyrighted illustration in a book was an infringement because it, like the picture, was intended to entertain and amuse. See also Fleischer Studios, Inc., v. Ralph A. Freundlich, Inc., 2 Cir., 73 F.2d 276. But a copyright of a picture showing an approach to a bridge, with a novel plan of unsnarling traffic, is not infringed by the construction of a bridge with such an approach. Muller v. Triborough Bridge Authority, U.S.D. C.N.Y., 43 F.Supp. 298.

The plaintiff's petition does not state a cause of action for the infringement of his copyright. The Government's motion to dismiss the petition is granted and plaintiff's petition is dismissed.

It is so ordered.

JONES, Chief Judge, and HOWELL, WHITAKER and LITTLETON, Judge, concur.

GAGE v. UNITED STATES.
No. 49461.

United States Court of Claims.
April 8, 1952.

Edward S. Irons, Washington, D. C. (Hamer H. Jamieson, Los Angeles, Cal., on the briefs), for plaintiff.

H. L. Godfrey, Washington, D. C., with whom was Holmes Baldridge, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

WHITAKER, Judge.

This case was formerly before the Court on defendant's motion for summary judgment on the ground that plaintiff's action was barred by the statute of limitations. Plaintiff in his petition had alleged that the defendant had purchased and used some of the instruments embodying his invention prior to the six-year period of limitation, but he alleged that it had continued to use them within the six-year period.

We held that the defendant was liable for all uses within the six-year period and, since uses within that period were alleged, we denied the motion for summary judgment.

Defendant has now filed a motion for rehearing, in which it points out that the Commissioner's pretrial memorandum, to which no objection is taken, shows that all the pumps purchased by defendant were purchased prior to the six-year limitation period. Hence, it says that, since they were purchased and held for use prior thereto, plaintiff is barred by the statute of limitations from claiming compensation for whatever infringement there may have been.

We think defendant's position is correct.

Defendant purchased certain pump-type fire extinguishers, said to embody plaintiff's invention. It hung these up or otherwise had them available for use in case of a fire. This was before the statutory period of six years. No purchase of such fire extinguishers thereafter is shown.

It thus appears that whatever infringement there was, it was done more than six years before the petition in this case was filed. Any further use of these fire extinguishers within the six-year period would not subject the defendant to liability. Its infringement, if any, took place when it purchased the extinguishers and had them available for use when needed.

This is what we held in Olsson v. United States, 87 C.Cls. 642, certiorari denied, 307 U.S. 621, 59 S.Ct. 792, 83 L.Ed. 1500, rehearing denied 307 U.S. 650, 59 S.Ct. 1030, 83 L.Ed. 1529, and we reaffirm that holding. We did not intend to hold to the contrary in our former opinion in the instant case.

Defendant's motion for rehearing is denied, but its motion for summary judgment is now allowed and plaintiff's petition is dismissed.

JONES, Chief Judge, and HOWELL, MADDEN, and LITTLETON, Judges, concur.