Pee Cukiam:
: This case was referred pursuant to Rule 45 to Donald E. Lane, a trial commissioner of this court, with directions to make findings of fact and recommendations for conclusion of law. The commissioner has done so in a report filed October 25, 1960. Briefs were filed by both parties, exceptions to the commissioner’s findings were taken by the defendant, and the case was submitted to the court on oral argument by counsel. Since the court is in agreement with the findings and recommendations of the trial commissioner as hereinafter set forth, it hereby adopts the same as the basis for its judgment in this case. It is found that plaintiff’s reissue patent No. 24,230 is valid, and that claims 2, 6, 10, 14, 15 and 16 thereof have been infringed by defendant without license of the patent owner. Plaintiff is, therefore, entitled to recover and judgment will be entered to that effect, *225 with the amount of recovery to be determined pursuant to Rule 38(c) ,[1]
It is so ordered.
OPINION OP COMMISSIONER
This is a patent suit under the provisions of Title 28 U.S.C., Section 1498, in which plaintiff seeks to recover reasonable and entire compensation for the unlicensed use of a patented invention. Plaintiff also seeks damages under Title 35 U.S.C., Section 284, and attorney fees under Title '35 U.S.C., Section 285. The Court of Claims is specifically authorized under Title 28 U.S.C., Section 1498, to award “reasonable and entire compensation,” but is not authorized to award specific damages and/or attorney fees as such in these cases.
Plaintiff is a corporation of the State of California and is the owner of United States Reissue Patent No. 24,230, issued October 23, 1956, entitled “Portable Lift”. Plaintiff charges infringement of claims 2, 6,10,14,15, and 16 of said reissue patent by certain axle jacks made for and procured by the United States. The parties agreed to a separation of issues for trial. The questions of infringement and validity of the selected patent claims are now before the court.
Plaintiff’s reissue patent 24,230, and the original patent 2,734,716 on which the reissue is based, relate to hydraulic jacks mounted on wheels for use in elevating heavy aircraft by engagement with a portion of the aircraft landing gear. The several patent claims in suit, together with portions of the reissue patent specification and drawings, are included in the accompanying findings. The parties have stipulated that certain accused axle jacks were manufactured for the United States by Smith-Nelson Corporation in accordance with three drawings identified in finding 29, and that the United States procured a number of such jacks for use.
Analysis of the patent claims in suit shows that each recites a combination of parts and elements, and each covers a jack construction illustrated in one or more of the three Smith- *226 Nelson Corporation drawings. The accused axle jacks include all the parts and elements set forth in claims 2, 6, 10, 14, 15, and 16 of the reissue patent, and those accused parts and elements function generally in the same manner to produce the same results described in the patent. A specific application of the patent claims to the accused constructions is set forth in findings 32 through 41, and will not be repeated in tins opinion.
Defendant has contended that the doctrine of intervening rights precludes a recovery herein because accused Smith-Nelson Corporation axle jacks were manufactured prior to the issue date of plaintiff’s reissue patent. The effect of reissue patents is stated in Title 35 U.S.C., Section 252, which reads in part:
* * * * *
No reissued patent shall abridge or affect the right of any person or his successors in business who made, purchased or used prior to the grant of a reissue anything patented by the reissued patent, to continue the use of, or to sell to others to be used or sold, the specific.thing so made, purchased or used, unless the making, using or selling of such thing infringes a valid claim of the reissued patent which was in the original patent. * * *
Each of the three accused constructions is found to infringe claims 2 and 6 of the reissue patent, which two claims were also in plaintiff’s original patent and are valid. Under these circumstances, no intervening rights accrued to the United States or its supplier.
Defendant has contended that the doctrine of double patenting renders plaintiff’s patent invalid. The application for plaintiff’s original patent was filed on January 17, 1952. The application for plaintiff’s design patent was filed on June 26,1952. The design patent 168,473 issued to plaintiff on December 23,1952 for a 3%-year term expiring June 23,1956. The original patent 2,734,716 issued to plaintiff on February 14,1956, and was surrendered when reissue patent 24,230 issued to plaintiff on October 23,1956, on an application for reissue filed June 1,1956. Defendant has contended that the expiration of plaintiff’s design patent 168,473 on June 23, 1956, released or dedicated to the public the subject matter of plaintiff’s original and reissue mechanical *227 patents. This contention is unsound here and would be correct only if the invention defined and claimed in the reissue patent was disclosed to the public in the expired design patent. The evidence herein shows that plaintiff’s design patent and plaintiff’s reissue patent are for different inventions, i.e., they do not cover the same inventive act. The design patent relates to the visible features constituting the external appearance of a jack construction. The mechanical reissue patent relates to a stated combination of constructional details which combination may be manufactured without employing the patented design. The accused Smith-Nelson Corporation axle jacks do not have the same external appearance covered in plaintiff’s design patent, but they do include the several features recited in the patent claims in suit. Where one procures a design patent and subsequently procures a mechanical patent, the second patent is not void for double patenting unless it is necessary to use the design disclosed in the design patent to make use of the mechanical invention defined in the patent claims of the later mechanical patent. If the design includes ornamental features which go beyond and are patentable over the structural features as defined in the claims of the mechanical application, the inventor is entitled to two patents. In re Dubois and Will, 262 F. 2d 88, 120 USPQ 198 (C.C.P.A.—1958). The design patent does not disclose or teach to the art the combination of parts and elements disclosed and claimed in the mechanical patent here in suit. The doctrine of double patenting is not applicable here. It is also noted that the design patent application was filed subsequent to the filing of the original mechanical patent application and was copending therewith in the United States Patent Office. The design patent is not prior art against the patent in suit.
Defendant has contended that the United States has a license under the patent in suit, and that such a license may be predicated on contract AF 33(600)-1937l between plaintiff and Air Force and/or on some theory that the idea of vertical shiftability was either developed by the defendant or developed by plaintiff at the suggestion of the defendant or in response to a problem raised by defendant. Plaintiff’s contract with the Air Force was entered into as of June 2, 1952, *228 for an engineering design study of j ack assemblies and for the delivery of one jack assembly in each of five stated capacities to Wright-Patterson Air Force Base. Plaintiff’s original application for patent on which claims in suit are based was filed in the United States Patent Office January 17, 1952, nearly 5 months before the Air Force contract was effective. The standard patent clauses in this Air Force contract concern inventions made in the performance of work called for under the contract or done upon the understanding that a contract would be awarded. The earlier conception and reduction to practice of the invention defined in the patent claims in suit were not done under either of said conditions. There is no competent evidence that the invention in suit was developed in anticipation of a contract to develop it for defendant or in response to any specific suggestions made by any employee of defendant. The United States does not have a license, implied or in fact, under the patent claims in suit.
Defendant has contended that the patent in suit is invalid in view of prior patents, particularly Sonderup 2,173,598 and/or Grime 2,479,679. The Sonderup patent discussed in finding 11 discloses a jack having a carriage or frame which is wheel supported at only one end and which completely engages the ground when the jack is loaded. The Sonderup jack construction does not provide for movement of the jack with respect to the carriage. The Grime patent discussed in finding 12 discloses a jack construction in which the frame under load engages the ground through foot plates while the load is supported on a lever type carriage slidable in the jack frame. Neither the Sonderup nor the Grime patent discloses a jack construction like or similar to the combination of structural parts and elements defined in the patent claims in suit. The patent statutes specify that a patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Title 35 U.S.C., Section 103. *229 The differences between the subject matter defined in the claims in suit and the prior Sonderup and/or Grime patents are such that the subject matter as a whole would not hare been obvious at the time the plaintiff’s invention was made to a person having ordinary skill in the jack art. The claims in suit are not invalidated by the disclosures of the Sonderup and Grime patents. Nineteen additional prior patents have been referred to by defendant as showing the state of the art, and these are listed in finding 18. The patents in this collection do not disclose each and every element individually or in the combination specifically recited in the several patent claims in suit. It would not have been obvious at the time the invention was made to select a feature or features from each of several such patents for combination into the axle jack construction claimed herein. Any such a combination would be possible only by hindsight after knowledge of the construction disclosed and claimed in plaintiff’s patent. Hindsight cannot support an assertion of obviousness. Zonolite Company, et al. v. United States, 138 Ct. Cl. 114; 113 USPQ 223 (1957).
Defendant has also contended that the United States was justified in procuring the accused axle jacks which defendant alleges were constructed in accordance with Hawkinson patent 1,437,055, Hawkinson patent 1,489,759, and Manley patent 1,948,073. These three patents are included in defendant’s 19 state of the art patents mentioned in finding 18. The disclosures of these three patents do not respond to any of the patent claims in suit. The Hawkinson patents do not show or mention hydraulic cylinder and piston mechanisms. The Manley patent disclosure is less pertinent than Grime patent 2,479,679, discussed in finding 12 and relied on by defendant as an alleged anticipation of the claims in suit. The alleged justification defense is without merit in the present case. The disclosures of the Hawkinson and Manley patents neither anticipate the patent claims in suit, nor render plaintiff’s claimed invention obvious, nor justify the accused axle jack constructions.
Plaintiff is entitled to recover.
It is recommended that the court find that plaintiff’s reissue patent No. 24,230 is valid, and that claims 2, 6, 10,14,15, *230 and 16 thereof have been infringed by defendant without license of the patent owner.

 See dissenting opinion by Judge Madden, in which Judge Whitaker joins, which follows the commissioner’s opinion.