Pee Cueiam:
This patent case involving hydraulic jacks for heavy aircraft is before the court on plaintiff’s request for review of the Commissioner’s action of June 30, 1964, denying plaintiff’s motion to extend the area of discovery. We find, without oral argument, that the Commissioner’s action was correct.
On July 19,1961, the court in a per curiam opinion found that plaintiff is entitled to recover. 155 Ct. Cl. 222, 292 F. 2d 868, 130 U.S.P.Q. 235 (1961).
Plaintiff contends that the defendant is liable for defendant’s use of the patented jack within the 6-year period preceding the filing of plaintiff’s petition even if said jack was manufactured by or for the defendant prior to said 6-year period.
The jurisdictional statute reads in part:
Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner’s remedy shall be by action against the United States in the Court of Claims for the recovery of his reasonable and entire compensation for such use and manufacture. [28 U.S.C. § 1498.] [Emphasis added.]
In contending that use of a patented device provides a statutory basis for recovery, plaintiff relies upon our decision in Emil Olsson v. United States, 87 Ct. Cl. 642, 25 F. Supp. 495, 37 U.S.P.Q. 767 (1938), cert. denied, 307 U.S. 621, rehearing denied, 307 U.S. 650. In the Olsson case we found that howitzers held in storage constituted use under the jurisdictional statute. In that case the statute of limitations was not under consideration because the howitzers were *817 procured witliin, ratber than prior to, the 6-year period. The clear implication to be derived from the Olsson case is that when the defendant has procured a patented item, anything it does from that time forward constitutes a use that sets the statute of limitations in motion. The Olsson decision does not support plaintiff’s contention.
Both defendant and plaintiff refer to the more recent case, Arthur G. Gage v. United States, 122 Ct. Cl. 160 (1952). In this case there were two opinions, the first on January 8, 1952, 122 Ct. Cl. 161, 101 F. Supp. 765, 92 U.S.P.Q. 73, and the second on April 8, 1952, 122 Ct. Cl. 160, 103 F. Supp. 1022, cert. denied 344 U.S. 829, rehearing denied 344 U.S. 894. In support of its contention, plaintiff quotes from the January 8, 1952, opinion. Defendant points out that the later April 8, 1952, opinion on rehearing indicates that defendant’s position, that certain patented pumps purchased and held for use prior to the 6-year period would not subject the defendant to liability for further use within the 6-year period, is the correct position. The court’s final opinion of April 8,1952, held that infringement, if any, took place when defendant purchased the fire extinguishers and had them available for use when needed.
The statute of limitations applicable to this court reads in part:
TIME FOR FIXING SUIT.
Every claim of which the Court of Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues. [28 U.S.C. § 2501.] [Emphasis added.]
We conclude that any hydraulic jack procured by the defendant more than 6 years prior to the filing of plaintiff’s petition was first used when it was first available for use by the defendant, and that plaintiff’s claim for compensation for any subsequent use of that jack by the defendant is barred by the statute of limitations.
Plaintiff refers to our decision in Irving Air Chute Co., Inc. v. United States, 117 Ct. Cl. 799, 93 F. Supp. 633, 87 U.S.P.Q. 246 (1950). In the Iroing Air Ohute case we concluded that rights of action that had accrued prior t.o the *818 6-year period did not bar new rights of action which accrued during the 6-year period.
To support plaintiff’s contention would create a most difficult situation in the accounting stage of patent infringement suits, since it would create a possibility of recovery for unauthorized use open for an indefinite period on all patented items possessed by the defendant.
The present conclusion of the court is not inconsistent with the results reached in the earlier cases. The Commissioner’s action in denying the plaintiff’s motion to extend the area of discovery is hereby approved.
Davis, Judge, took no part in the consideration and decision of this case.