**A. Fred STAROBIN, Plaintiff,**

and

**National Research Associates, Inc., Third-Party Plaintiff,**

v.

**The UNITED STATES.**

No. 7–78.

United States Court of Claims.

Oct. 21, 1981.

Irving R. M. Panzer, New York City, Atty. of record, for plaintiff.

B. Edward Shlesinger, Jr., New York City, Atty. of record, for third-party plaintiff.

Thomas J. Scott, Jr., Washington, D. C., with whom was Acting Asst. Atty. Gen. Stuart E. Schiffer, Washington, D. C., for defendant. Vito J. DiPietro, Washington, D. C., of counsel.

Before DAVIS, KUNZIG and SMITH, Judges.

PER CURIAM:

This case comes before the court on defendant's motion, filed August 12, 1981, moving that the court adopt, as the basis for partial judgment, the recommended decision of Trial Judge Joseph V. Colaianni,

filed July 7, 1981, pursuant to Rule 54(a), on defendant's motion for partial summary judgment, no request for review by the court thereof having been filed by the parties and the time for so filing pursuant to the Rules of the court having expired. Upon consideration thereof, without oral argument, since the court agrees with the recommended decision, as hereinafter set forth, it hereby grants defendant's motion and affirms and adopts the decision as the basis for partial judgment in this case. Accordingly, it is concluded and adjudged that defendant's motion for partial judgment is granted; that no basis for recovery exists with respect to the six identified vehicles; and, that Patent No. 3,139,947 is not infringed and therefore is dismissed from the suit.

## OPINION OF TRIAL JUDGE *

COLAIANNI, Trial Judge: The present action seeks recovery for the alleged manufacture or use by or for the United States of the subject matter covered by United States Patent Nos. 3,139,947, 3,140,687, and 3,216,518 (hereinafter referred to as the '947 patent, the '687 patent, and the '518 patent, respectively). The patents relate to vehicles which move on a cushion of air. The defendant's motion for partial summary judgment comes before me pursuant to Rule 54, by order of the court dated October 24, 1980. In opposing the defendant's motion, the plaintiffs accept as true the defendant's statements of fact and supporting affidavits. The plaintiff A. Fred Starobin (hereinafter referred to as Starobin) opposes the motion on two grounds which will be treated separately below. The third-party plaintiff National Research Associates, Inc. (hereinafter referred to as NRA) filed no opposition to the motion.

### The Issues

In simple terms the defendant contends that the six-year statute of limitations prescribed by 28 U.S.C. § 2501 bars all recovery in connection with six air cushion vehicles

procured by the government. Starobin, contending that since a cause of action accrues within the meaning of 28 U.S.C. § 2501 with each use of the vehicles in question, argues that he is entitled to recovery for each use by defendant of the six vehicles that occurs during the statutory period. Starobin also argues that the statute of limitations defense was waived as a result of certain administrative claim proceedings conducted by the Navy Department.

### The Alleged Infringing Subject Matter

Pursuant to Contract No. NObs–4910, three air cushion vehicles, of a type designated SK–5 by the Navy Department and designated SRN–5 by the British Hovercraft Corporation, were delivered to the Navy in a complete and fully operable condition no later than April of 1966. Pursuant to Contract DAAJ01–68–C–0656(D), one air cushion vehicle of the SK–5 type was delivered to the Army in a complete and fully operable condition on each of the following dates: vehicle serial number (hereinafter VSN) 68–15901 on March 11, 1968; VSN 68–15902 on April 1, 1968; VSN 68–15903 on April 23, 1968.

These six, along with other vehicles, are accused of infringing each of the three patents in suit. However, these same six vehicles constitute the sole basis for plaintiff's charge of infringement of the '947 patent.

### The Relevant Dates

The defendant grounds its statute of limitations argument on the above-mentioned delivery dates of the six vehicles. The defendant goes on to relate the various periods during which administrative claims were pending to both of the plaintiffs and one or more of the six vehicles. Taking into account the periods of the pendency of these administrative claims, yet not conceding the applicability of 35 U.S.C. § 286 (the tolling statute) to periods which followed requests for reconsideration of denials of

---

* The opinion and conclusion of law are submitted in accordance with Rule 54(a). The

necessary facts are set forth in the opinion.

the administrative claims, the defendant calculates that § 2501 bars the plaintiffs' action, filed on January 3, 1978. The plaintiffs do not dispute the defendant's calculations. Rather, Starobin contends that the calculations are irrelevant because a new 28 U.S.C. § 1498 taking occurs with each use of the vehicles by or for the government, and that each use within the six years preceding his petition filing date is not barred by 28 U.S.C. § 2501.

### Post-Procurement Use By Or For The Government

█ Thus, the question becomes whether once the statute of limitations, 28 U.S.C. § 2501, has run with regard to the initial manufacture or use of certain devices, as it has in this case, does a fresh limitations period begin with each subsequent use of the same devices, so that as long as there has been even a single use of such devices within the six-year period immediately preceding the filing of the petition, then the action is not barred by § 2501.[1]

This question was decided by the court in *Regent Jack Mfg. Co. v. United States*, 167 Ct.Cl. 815, 337 F.2d 649, 143 USPQ 136 (1964), in which it was posed as follows:

> Plaintiff contends that the defendant is liable for defendant's *use* of the patented jack *within* the 6-year period preceding the filing of plaintiff's petition even if said jack was manufactured by or for the defendant *prior* to said 6-year period. [167 Ct.Cl. at 816, 337 F.2d at 650 (emphasis in original).]

The court's holding in *Regent Jack* precludes the argument which Starobin attempts to make in the case at bar, and does so in no uncertain terms:

> We conclude that any hydraulic jack procured by the defendant more than 6 years prior to the filing of plaintiff's petition was first used when it was first available for use by the defendant, and that plaintiff's claim for compensation

for any subsequent use of that jack by the defendant is barred by the statute of limitations. [167 Ct.Cl. at 817, 337 F.2d at 650.]

Starobin nonetheless contends that 28 U.S.C. § 1498 provides that "whenever a patented invention '*is used* or manufactured by or for the United States' without authority, the owner shall have a remedy in this Court against the United States for compensation for '*such use* and manufacture' "[2] and points to *Pitcairn v. United States*, 212 Ct.Cl. 168, 547 F.2d 1106, 192 USPQ 612 (1976), for support. Starobin's reliance on *Pitcairn* is misplaced.

*Pitcairn* held that a taking with respect to any particular device covered by a patent occurs at the point in time when that particular device was first procured or used by the government. Moreover, the first taking of a device covered by the patent does not preclude further takings of other devices of the same kind, *i. e.*, also covered by the claims in suit, so long as those other devices were procured or first used within the six-year period immediately preceding the filing of the petition, as set by the statute of limitations, 28 U.S.C. § 2501. *Pitcairn* did not hold that each use of the same accused apparatus gives rise to a new cause of action. To the contrary, for each particular device only one right to recovery can arise, and that right must occur upon the first manufacture or use by or for the government of that specific device.

It is important to an understanding of the above cases to keep in mind the distinction between the class of devices that infringes the claims in suit and the discrete individual devices which together constitute the class of infringing devices. The class is not foreclosed from infringing merely because one of its members was manufactured or used by the government more than six years prior to the filing of the suit. That is the *Pitcairn* holding. Each device, *i. e.*, each individual member of the universe of

---

1. The question might equally well lend itself to formulation in terms of the point in time when a § 1498 action can be deemed to accrue for a single device which infringes a patent claim.

2. Opposition of Plaintiff Starobin to Defendant's Motion for Partial Summary Judgment, filed December 22, 1980, p. 3 (emphasis in original).

infringing devices, can be taken only once in its lifetime, and if that taking occurs prior to the six-year period which immediately precedes the filing of the lawsuit in the Court of Claims,[3] then recovery as to that particular device is barred forever by 28 U.S.C. § 2501. That is the holding of *Regent Jack.*

The policy underlying 28 U.S.C. § 2501 seeks to avoid subjecting the defendant to ancient claims with their attendant problems stemming from destroyed records, dulled memories, and unlocatable witnesses. *Kirby v. United States*, 201 Ct.Cl. 527 (1973), *cert. denied*, 417 U.S. 919, 94 S.Ct. 2626, 41 L.Ed.2d 224 (1974). The proof of procurement costs is an invariable element of the proofs advanced during every accounting for the taking of patent rights by the government. Thus, the court's decisions in the area of § 2501 attempt to peg the time of the taking to the time when the item was first procured by the government. *Tektronix, Inc. v. United States*, 216 Ct.Cl. 144, 575 F.2d 832, 198 USPQ 378, *cert. denied*, 439 U.S. 1048, 99 S.Ct. 724, 58 L.Ed.2d 707 (1978). Use by or for the government usually follows procurement in the normal chronology of events. Thus, it is only when procurement of an item precedes the issuance of the patent rights, that the first use of the item subsequent to the issuance of the patent becomes the time of the taking for the purpose of 28 U.S.C. § 2501. *Coakwell v. United States*, 178 Ct.Cl. 654, 372 F.2d 508, 153 USPQ 307 (1967). However, to hold that every use of a patented item during the lifespan of a patent marks the accrual of a new cause of action within the meaning of 28 U.S.C. § 2501—

> [W]ould create a most difficult situation in the accounting stage of patent infringement suits, since it would create a possibility of recovery for unauthorized use open for an indefinite period on all patented items possessed by the defendant. [*Regent Jack, supra*, 167 Ct.Cl. at 818, 337 F.2d at 651.]

---

**3.** I am ignoring the administrative claims pending during the pertinent years, because in the case at bar the pending claims apparently did

### *Waiver Of The Statute Of Limitations Defense*

 Starobin's final objection to the defendant's motion for partial summary judgment reasons that the defendant's failure to raise a statute of limitations defense during the Navy Department's consideration of his administrative claim of December 1974 constitutes a waiver of that defense in the administrative proceeding, and further, that the defense cannot be raised again in the Court of Claims action because it was waived in the Navy Department proceeding.

The defendant argues, and I agree with its position, that the defense of lack of jurisdiction over the subject matter of the action can never be waived. *See* Rule 38(h)(2). More specifically, the defendant maintains that the statute of limitations forms an integral part of the subject matter jurisdictional requirements in this court, *Kirby, supra*, and that the defendant cannot be considered to have waived its statute of limitations defense under 28 U.S.C. § 2501, just as it cannot waive other defects in the court's jurisdiction over the subject matter.

### CONCLUSION

For the reasons stated hereinabove, it is concluded that the defendant's motion for partial summary judgment is GRANTED, since no basis for recovery exists with respect to the six identified vehicles. It is further concluded that United States Patent No. 3,139,947 is not infringed and therefore is DISMISSED from the suit.

---

not toll § 2501 for a time that would be sufficient to save the plaintiff's claim.