Plaintiff brings this patent suit under 28 U.S.C. §1498 (1976 & Supp. Ill 1979) for infringement of an invention covered by allowed claims in three patent applications, and under 35 U.S.C. §183 (1976) for damages associated with the imposition by the Central Intelligence Agency (cia) of a secrecy order on the subject matter of those applications. The rights associated with the patent applications were originally co-owned by plaintiff, but were subsequently assigned to Zenith Radio Corporation (Zenith), and reassigned by Zenith to Itek Corporation (Itek) with certain reservations. Itek eventually reassigned to plaintiff its rights to two of the patent applications in 1978 and to the third application in 1980. After filing an initial administrative claim with the cia on June 18, 1979, plaintiff filed suit in this court on August 25, 1980. Defendant has moved for dismissal and/or summary judgment on the bulk of plaintiffs claims. We agree with the substance of defendant’s motion and dispose of plaintiffs petition in accordance with the views expressed below.
Defendant first moves to dismiss plaintiffs section 1498 infringement claims for lack of jurisdiction, since such *939 claims must be based on the existence of a validly issued patent. See, e.g., Fulmer v. United States, 144 Ct. Cl. 812, 838 (1959); Patton v. United States, 110 Ct. Cl. 195, 202, 75 F. Supp. 470, 473 (1948) (citing Gayler v. Wilder, 51 U.S. (10 How.) 477 (1850)). Plaintiff has rights only in three allowed patent applications', defendant contends, therefore, that plaintiff has no property rights protected by section 1498. In his opposition brief, plaintiff expresses his desire to dismiss his section 1498 claim without conceding the merits of defendant’s argument. Accordingly, we will allow plaintiffs section 1498 claim to be dismissed, without prejudice, however, to his renewal of the claim should the patents applied for be validly issued at, some later date.
Plaintiffs second claim is brought under 35 U.S.C. §183, which permits recovery against the Government where imposition of a secrecy order on a patent application has deprived the owner of patent rights. Defendant argues that any claims plaintiff may be urging for alleged infringement or inability to commercialize his invention, where these claims arose prior to the time plaintiff again became owner of the patent rights, are barred by the Anti-Assignment Act, 31 U.S.C. §203 (1976). This statute provides, in relevant part, that "[a]ll transfers and assignments made of any claim upon the United States * * * shall be absolutely null and void” in the absence of certain formalities and limited exceptions not applicable in this case. Defendant contends that the Anti-Assignment Act bars any claims against the Government which arose under 35 U.S.C. §183 prior to plaintiffs return to ownership.[1]
Plaintiffs reliance on Richmond Screw Anchor Co. v. United States, 275 U.S. 331 (1928), to support his contention that the Anti-Assignment Act does not apply to patents *940 granted after 1918 is misplaced. Richmond dealt with the limited situation in which a patent had been issued and the rights therein assigned prior to 1918. (when a patent owner had the right to proceed against an infringing Government contractor personally), but the infringement occurred after 1918 (when the new laws limited the patent owner’s remedy solely to suits against the Government and thus allowed the anti-assignment statute to come into play). Strict application of the anti-assignment provisions under the circumstances in the Richmond case would have deprived the patent owner of a valuable claim for infringement. In order to avoid the constitutional question of fifth amendment taking without compensation, the Supreme Court interpreted the Anti-Assignment Act as not applying to the situation in that case. No such consideration exists in the instant case, however; on the contrary, the case law clearly establishes thé applicability of 31 U.S.C. §203 to prevent assignment of patent claims on patents issued subsequent to 1918. See, e.g., Rel-Reeves, Inc, v. United States, 221 Ct. Cl. 263, 606 F.2d 949 (1979); Dorr-Oliver, Inc, v. United States, 193 Ct. Cl. 187, 432 F.2d 447 (1970); LeFiell v. United States, 162 Ct. Cl. 865 (1963).
In sum, it is evident that insofar as plaintiffs petition asserts a claim for infringement or inability to commercialize that arose prior to his obtaining patent rights in 1978 and 1980, that portion of the petition must be dismissed.[2] It only remains to be pointed out that a cause of action for Government infringement arises at the time the allegedly infringing device is purchased by the Government. Regent Jack Mfg. Co. v. United States, 167 Ct. Cl. 815, 337 F.2d 649 (1964); Gage v. United States, 122 Ct. Cl. 160, 103 F. Supp. 1022, cert. denied, 344 U.S. 829 (1952). Further use of the device after procurement, where the procurement occurs during the period when plaintiff owns the patent rights, may be considered on the damages issue. Olsson v. United States, 87 Ct. Cl. 642, 25 F. Supp. 495 (1938), cert. denied, 307 U.S. 621 (1939). Such continuing use does not, however, *941 constitute a new cause of action giving rise to an initial damages claim. Accordingly,
it is therefore ordered, on consideration of the record and the parties’ submissions, but without oral argument, that defendant’s motion to dismiss is granted in part. Plaintiffs claims based on 28 U.S.C. §1498 are dismissed without prejudice, as discussed above. That portion of plaintiffs petition alleging a cause of action based on pre-assignment infringement and inability to commercialize is dismissed. The case is hereby remanded to the Trial Division for trial on the issue of damages under 35 U.S.C. §183 for post-assignment infringement by the Government and other proceedings not inconsistent with the above.

 Plaintiff made no specific claims for the period during which he initially owned the patents. Section 183 authorizes a claim against the Government arising at the time the secrecy order is imposed and viable until 6 years after a valid patent is finally issued. Two of the patents applied for by plaintiff were assigned to Zenith prior to the filing date of the application. Although the record does not indicate when the third patent application was assigned to Zenith, the parties do not treat this assignment otherwise than the first two, and hence we will treat this third application as having been assigned to Zenith prior to its filing date. On the basis of these facts alone, plaintiff could not have been owner of the patent applications during a period in whch the secrecy orders were in effect until after final assignment in 1978 and 1980. Thus no section 183 claim is possible for other than the later time period.

 Plaintiffs claim under 35 U.S.C. §183 for .inability to commercialize the devices described in the patent application cannot be supported. A scrutiny of the assignment agreements among the parties indicates that Zenith retained its right to commercialization of the invention. As this right was never assigned to plaintiff, plaintiff has no claim against the Government for restriction of the right.