**Gay P. COBB, Petitioner,**

v.

**DEPARTMENT OF LABOR,
Respondent.**

**Appeal No. 85–689.**

United States Court of Appeals,
Federal Circuit.

Oct. 7, 1985.

John H. Erickson, Erickson, Beasley & Hewitt, San Francisco, Cal., argued for petitioner. With him on brief was Leigh-Ann K. Miyasato, San Francisco, Cal.

Robert A. Reutershan, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for respondent. With him on brief were Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director and Sharon Y. Eubanks, Washington, D.C.; Annabelle T. Lockhart, Office of the Solicitor, Dept. of Labor, Washington, D.C., of counsel.

Before KASHIWA, NEWMAN, and BISSELL, Circuit Judges.

BISSELL, Circuit Judge.

Petitioner, Cobb, appeals from the final decision of the Merit Systems Protection Board (Board), 20 M.S.P.R. 401, Docket No. SF03518410234, that the reduction-in-force (RIF) by the Women's Bureau (Bureau) was not made for reasons personal to her, that there was no violation of the Federal Employees Part-Time Career Employment Act of 1978 (Act), and that neither the RIF regulations nor the Department of Labor regulations required the Bureau to offer petitioner the newly created full-time Regional Administrator position which replaced her previous job shared part-time position. We reverse.

## BACKGROUND

Cobb was one of two women who shared the position of an Equal Opportunity Specialist, Regional Administrator, GM–14 grade level, as a permanent part-time employee for the Women's Bureau in San Francisco, California. Effective November 19, 1983, the Bureau undertook a RIF in which the two part-time Regional Administrator positions were abolished. One full-time Regional Administrator position was created allegedly to decrease the costs and to remove those management attributes associated with the job sharing arrangement. Cobb concededly was a competing service employee under 5 C.F.R. § 351, *et seq.* (1983) and eligible for retention and assignment rights under the regulations. However, the Bureau determined that there were no available positions into which Cobb could be placed and therefore separated her.

Cobb appealed her separation to the Board. Cobb asserted to the Board that the Bureau's reasons for the RIF were personal to her, pretextual and in disregard of the congressional policy set forth in the Federal Employees Part-Time Career Employment Act of 1978. Alternatively, she asserted that if the RIF was instituted for a proper reason, the Bureau was required to offer her the full-time Regional Administrator position. The full Board affirmed the presiding official's determination that the RIF was conducted for a proper reason under 5 C.F.R. § 351.201(a) (1983) and that the Bureau had not erred by not offering the full-time Regional Administrator position to Cobb.

## OPINION

This court has jurisdiction under 28 U.S.C. § 1295(a)(9) to hear an appeal pursu-

ant to 5 U.S.C. § 7703(b)(1). Our scope of review is limited by 5 U.S.C. § 7703(c).

The regulations by the Office of Personnel Management (OPM) are promulgated pursuant to authority granted by 5 U.S.C. § 3502(a), which reads in pertinent part: "The Office of Personnel Management shall prescribe regulations for the release of competing employees in a reduction in force...." 5 U.S.C. § 3502(a) (1982). OPM RIF regulations and instructions appear in 5 C.F.R. § 351, *et seq.* and the Federal Personnel Manual (FPM), Chapter 351, respectively.

An agency is to follow the RIF regulations "when the release is required because of lack of work, shortage of funds, *reorganization*...." 5 C.F.R. § 351.201(a) (1983) (emphasis added). Here, the Bureau asserts that it conducted a proper reorganization and dealt with Cobb as prescribed by the appropriate regulations.

■ Consequently, we must begin our review by answering whether this "reorganization" was properly within the scope of the RIF regulations. Looking to the controlling regulations, OPM defines a reorganization as "the planned elimination, addition, or redistribution of functions or duties in an organization." 5 C.F.R. § 203(f) (1983). The agency bears the evidentiary burden of proving that RIF regulations were properly invoked due to management considerations of the character appropriately committed to agency discretion. The agency must support its decision by a preponderance of the evidence. 5 U.S.C. § 7701(c)(1)(B) (1982). Yet, "an agency is accorded wide discretion in conducting a reduction in force; absent a clear abuse of that discretion, a substantial departure from applicable procedures, a misconstruction of governing statutes, or the like, we do not upset a final agency decision." *Cooper v. Tennessee Valley Authority*, 723 F.2d 1560, 1562 (Fed.Cir.1983); *see also, Bacon v. Dept. of Housing & Urban Development*, 757 F.2d 265, 268 (Fed.Cir. 1985).

■ While the term "reorganization" is defined broadly enough to cover a multitude of management considerations, it is not an enchanted blanket that can be used to cover improper agency action. *Fitzgerald v. Hampton*, 467 F.2d 755, 758 (D.C. Cir.1972). Cobb argues that the improper agency action occurred when the Bureau failed to consider the public policy goals stated in the Federal Employees Part-Time Career Employment Act of 1978 and thereby abused its managerial discretion in conducting the RIF.

Reviewing this legislation we find no directives in the Act or in any discussion in the Act's history concerning what attributes of a permanent part-time position are to be considered when there is to be a reduction-in-force due to an agency's reorganization. In addition, OPM's regulations interpreting the Act, 5 C.F.R. § 340, *et seq.*, do not specifically address whether there is an *elimination* within the scope of the term "reorganization" when a job shared position is transformed into a single employee position.

■ Since RIFs are not aimed at removing particular individuals, but at eliminating positions, *Grier v. Dept. of Health and Human Services*, 750 F.2d 944, 945 (Fed.Cir.1984), it is clear that a change in organizational structure such as in this case was not a § 203 reorganization; that is, there was no elimination, addition, or redistribution of functions or duties in the organization. The Bureau made no changes in the description of the Regional Administrator position when eliminating this position as one available for job sharing. The education and experience requirements as well as the duties and responsibilities of the full-time position were identical to those of the job shared position. The Regional Administrator's position was merely made a full-time position rather than a job shared position. To do no more than assert that changing a job sharing arrangement to a single full-time position is a proper reorganization, is to circumvent

the established merit principles of 5 U.S.C. § 2301.

Our interpretation is confirmed by the current FPM provisions which set forth how OPM currently deals with a job shared position in an organization's structure. Federal Personnel Manual, Chapter 340 (1985). The FPM defines job sharing as a "form of part-time employment in which the tours of duty of two (or more) employees are arranged in such a way as to cover a single full-time position." Federal Personnel Manual, Chapter 340–1–5(a) (1985). Moreover, OPM permits "[a] job sharing team [to] apply for a full-time position under agency merit promotion programs but the qualifications of each job sharer should be evaluated individually.... A job sharer may also apply individually for a promotion to a part-time or full-time position...." *Id.* 340–1–5(f).

More importantly, however, are the OPM instructions concerning a position change. The FPM provides:

A part-time employee is covered by an agency's merit promotion program and should be reassigned, detailed or promoted in accordance with such programs in the same way and under the same circumstances as other career or career-conditional employees. *Movement from a part-time to a full-time position is not subject to competition* unless required by the procedures in FPM chapter 335 governing promotion and internal placement.

*Id.* Chapter 340–1–10 (emphasis added).

Based upon the foregoing, we find that the Bureau's determination that this organization structure change was a reorganization within the meaning of RIF regulations 5 C.F.R. § 351, *et seq.* was an abuse of agency discretion. This conclusion makes it unnecessary for us to consider petitioner's additional contentions. The decision of the Board is, accordingly, reversed.

REVERSED.