**Robert H. WILSON, Petitioner,**

v.

**DEPARTMENT OF THE ARMY, Respondent.**

No. 01–3096.

United States Court of Appeals, Federal Circuit.

May 10, 2001.

Before GAJARSA, Circuit Judge, ARCHER, Senior Circuit Judge, and LINN, Circuit Judge.

---

## DECISION

PER CURIAM.

Robert H. Wilson appeals from the decision of the Merit Systems Protection Board ("Board") affirming the Army's separation of Wilson by application of reduction-in-force ("RIF") procedures. *Wilson v. Dep't of the Army,* No. AT–0351–99–0867–I–1, 87 M.S.P.R. 534 (M.S.P.B. Oct.6, 2000). Because the Board's decision was not an abuse of discretion or contrary to law, we *affirm.*

## BACKGROUND

Wilson was a Housing Manager, GS–9, at Camp Merrill, Dahlonega, Georgia. On June 11, 1999, Wilson received written notice that he had been reached in a RIF. The written notice stated that he would be separated effective August 28, 1999. At Wilson's request, the notice for his RIF action was extended to September 10, 1999. Wilson retired from the Army effective August 31, 1999.

Wilson has agreed that the Army conducted the RIF in 1999 due to a budgetary shortfall. He has also agreed that the competitive areas in the RIF were properly established and that he was properly placed in competitive level 0021. Nevertheless, Wilson alleges that his position was abolished in the RIF in reprisal for a grievance that he won in 1997[1] and due to his refusal to condone inappropriate conduct of his supervisor, Kenneth G. Hankins.

Wilson appealed his separation to the Board on September 24, 1999. The administrative judge conducted a hearing on December 13, 1999, and affirmed the Army's action on January 21, 2000. The initial decision was made final by the full Board on October 6, 2000. Wilson timely appeal-

---

1. The Board noted that Wilson did not raise reprisal as an affirmative defense.

ed to this court. We have jurisdiction pursuant to 28 U .S.C. § 1295(a)(9) (1994).

## DISCUSSION

### Standard of Review

∎ Pursuant to 5 U.S.C. § 7703(c) (1994), we must affirm the Board's decision unless it is: (1) arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. *Chase–Baker v. Dep't of Justice*, 198 F.3d 843, 845 (Fed.Cir.1999). The burden of establishing reversible error in an administrative decision, such as the Board's, rests upon the petitioner. *Harris v. Dep't of Veterans Affairs*, 142 F.3d 1463, 1467 (Fed.Cir. 1998).

### Analysis

∎ The threshold inquiry in every case is the issue of jurisdiction. *Starobin v. United States*, 229 Ct.Cl. 67, 662 F.2d 747, 750 (Ct.Cl.1981). Although the Board lacks jurisdiction to consider an appeal from a voluntary retirement, *Covington v. Dep't of Health and Human Servs.*, 750 F.2d 937, 941 (Fed.Cir.1984), the Board appears to have considered and treated Wilson's dismissal as being involuntary and to have accepted the case as being subject to the Board's jurisdiction. The parties have not contended otherwise before us and we consider Wilson's appeal as from an involuntary retirement.

In a RIF appeal, the agency bears the burden to prove, by a preponderance of the evidence, that the RIF regulations were properly invoked due to management considerations appropriately committed to agency discretion. 5 U.S.C. § 7701(c)(1)(B) (1994); *Cobb v. Dep't of Labor*, 774 F.2d 475, 477 (Fed.Cir.1985).

The Army's articulated reason for invoking the RIF regulations was a shortage of funds due to a budgetary shortfall. Diminished funding is a valid reason for a RIF. 5 C.F.R. § 351.201(a)(2) (2000). As noted above, Wilson has agreed that the RIF regulations were invoked due to a budgetary shortfall. Despite Wilson's agreement that the RIF regulations were generally invoked due to a budgetary shortfall, he alleges that his position was abolished during the RIF in reprisal for (1) his filing of a grievance concerning a performance appraisal, and (2) his refusal to condone the inappropriate conduct of Hankins. In particular, Wilson testified that Hankins initiated the abolishment of his job because he was angry about a grievance that Wilson filed.

In addition to his own testimony, Wilson provided the following evidence to support his allegations[2]: (1) deposition testimony of Ron Smith, Hankins, and Colonel Randolph Buck regarding Hankins' role in abolishing Wilson's position; (2) an internal recruitment notice for a Fort Benning Housing Management Assistant, GS–07, which was opened on January 28, 2000 and cancelled on February 4, 2000;[3] and (3) an e-mail message regarding housing problems at Camp Merrill.

Smith testified that he recommended abolishment of Wilson's job to Hankins. Hankins testified that although Smith, his subordinate, initiated the decision to abol-

---

2. Although Wilson alleges that the agency eliminated his position while retaining 75 overhire and temporary personnel, we find no evidence in the record to support such an allegation.

3. Wilson was informed on April 15, 1996, that Dahlonega (Camp Merrill) is in a separate competitive area from Columbus (Fort Benning).

ish Wilson's position, Hankins approved it and suggested it to Colonel Buck. Colonel Buck testified that, in response to the budgetary shortfall, he recommended that Wilson's position be abolished. Colonel Buck acknowledged that Hankins may have recommended abolishment of Wilson's position, but stated that the abolishment of Wilson's position "made sense" and that he was not aware of any friction or differences between Wilson and Hankins when the recommendation was made.

 Although the Board found it "apparent that [Wilson] and Hankins had their differences," *Wilson,* slip op. at 4, the Board concluded that because Hankins had voluntarily raised Wilson's performance rating to exceptional, such facts minimize or dissolve any basis for considering Wilson's grievance as a reason for the decision to abolish his position. We disagree with the Board's conclusion that a voluntary change made by management after an employee files a grievance necessarily nullifies any basis for considering reprisal as a reason for a subsequent negative personnel action. In addition, based on the testimony of Smith, Hankins and Colonel Buck regarding Hankins' role in abolishing Wilson's job position, we disagree with the Board's determination that there was *no basis* to conclude that the decision to abolish Wilson's position was made by Hankins. However, despite our disagreement with some of the conclusions the Board drew from the facts before it, we cannot say that the Board abused its discretion in holding that the evidence presented by Wilson failed to overcome the preponderant evidence submitted by the Army regarding the propriety of abolishing Wilson's position.

The Army has made a clear showing that the RIF regulations were invoked due to a budgetary shortfall. Wilson acknowledges the Army's position and agrees that the budgetary shortfall was a basis in general for the RIF. In view of the proper basis for the RIF asserted by the Army, the admissions made by Wilson, and the failure of Wilson to present facts that overcome the preponderant evidence submitted by the Army, we cannot say that the Board abused its discretion in upholding the Army's abolishment of Wilson's position in the RIF.

Wilson also asserts that the Board erred in not reconsidering the initial decision. "The Board may grant a petition for review ... when it is established that: (1) New and material evidence is available that, despite due diligence, was not available when the record closed; or (2) The decision of the judge is based on an erroneous interpretation of statute or regulation." 5 C.F.R. § 1202 .115 (2000). In his petition for review, Wilson did not allege a violation of statute or regulation, but did submit some new evidence. According to Wilson, this new evidence included: (1) the internal recruitment notice for a Fort Benning Housing Management Assistant, and (2) evidence of housing problems at Camp Merrill. However, we cannot say that the Board abused its discretion in denying Wilson's petition for review. While this evidence may be new, it is not material to the issue before us. Thus, the Board did not err in denial Wilson's petition for review.

## CONCLUSION

Because the Board's decision was not an abuse of discretion or contrary to law, we *affirm.*