**DELUXE DELIVERY SERVICE,
Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 02–1398.

United States Court of Appeals,
Federal Circuit.

Decided Dec. 3, 2002.

Rehearing Denied Jan. 8, 2003.

Before MICHEL, LOURIE, and LINN, Circuit Judges.

*ORDER*

The threshold inquiry in every case is the issue of jurisdiction. *Starobin v. United States,* 229 Ct.Cl. 67, 662 F.2d 747, 750 (1981). A review of the proceedings before the United States District Court for the Middle District of Pennsylvania shows that Deluxe Delivery Service ("Deluxe") initiated this action against the United States for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq. While Deluxe directed its appeal to this court, it appears that the United States Court of Appeals for the Third Circuit is the appropriate appellate court, because this court's limited jurisdiction does not encompass RICO actions. *See* 28 U.S.C. § 1295 (2000).

Under 28 U.S.C. § 1631, this "court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought...." However, we do not find that a transfer in this case would be "in the interest of justice." As the district court correctly held, the United States and its agencies enjoy sovereign immunity from RICO claims. *See e.g., McNeily v. United States,* 6 F.3d 343, 350 (5th Cir.1993). Accordingly, the appeal is dismissed for want of jurisdiction.

**Richard J. SABANDO and Calvin M. Summerville, Petitioners,**

v.

**DEPARTMENT OF THE NAVY, Respondent.**

No. 01–3025.

United States Court of Appeals,
Federal Circuit.

Dec. 4, 2002.

**ORDER**

The petitioner having failed to file the brief required by Federal Circuit Rule 31(a) within the time permitted by the rules, it is

ORDERED that the petition for review be, and the same hereby is, DISMISSED, for failure to prosecute in accordance with the rules.