141 F.3d 1179
 RICO Bus.Disp.Guide 9487
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
TIMBERLINE NORTHWEST, INC., a Montana corporation, Plaintiff-Appellant,
v.
Paul HILL; Leon Silberberger; John O'Gas; Craig
Beauchamp; Ronald Huxman; William Shenk; and
Michael Espy, Secretary of the United
States Department of
Agriculture,
Defendants-Appellee.
 No. 96-35763.
D.C. No. CV-94-00082-CCL.
 United States Court of Appeals,
Ninth Circuit.
 .
Argued and Submitted November 6, 1997.
Decided March 17, 1998.
 
 1
 Appeal from the United States District Court for the District of Montana, Charles Lovell, District Judge, Presiding.
 
 
 2
 Before FLETCHER and O'SCANNLAIN, Circuit Judges, and SCHWARZER**, District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Timberline Northwest, Inc., a Montana corporation, appeals the district court's Fed.R.Civ.P. 12(b)(6) dismissal of its action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964, state tort law, and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Timberline alleges that Paul Hill and three other United States Forest Service ("USFS") employees, two United States Department of Agriculture ("USDA") employees (the USFS and USDA employees together, the "federal employee defendants"), and USDA Secretary Michael Espy, on behalf of the United States, interfered with Timberline's business by claiming to have invented a fire hose clamp after copying Timberline's prototype. Timberline further alleges that the defendants conspired to destroy Timberline's business and to interfere with a Congressional investigation. The facts are known to the parties and we shall not repeat them here.
 
 
 5
 * We first consider whether the district court erred by extending FTCA certification to the federal employee defendants with regard to Timberline's RICO and Bivens claims and substituting the United States as the sole defendant. The district court held that Timberline's claims were in fact common law torts "disguised" as RICO, Bivens, and statutory claims and, as such, would more properly be brought under the FTCA against the United States. The district court therefore substituted the United States for the federal employee defendants as the sole party defendant on all of Timberline's claims. See District Court Order at 3-8 (citing 28 U.S.C. § 2679(d)(1) and Meridian Int'l Logistics, Inc. v. U.S., 939 F.2d 740, 743 (9th Cir.1991)). This was error.
 
 
 6
 The district court is correct in its conclusion that the Federal Employee Liability Reform and Tort Compensation Act ("FELRTCA") generally immunizes federal employees from liability for torts committed while acting within the scope of their employment. See 28 U.S.C. § 2679(b)(1). Under the FELRTCA, upon certification by the Attorney General that a federal employee was acting within the scope of his employment at the time of the event giving rise to a civil claim, the United States will be substituted as defendant. See 28 U.S.C. § 2679(d); Meridian, 939 F.2d at 743. The Attorney General's certification is conclusive unless challenged, at which point the burden shifts to the challenging party to show that the federal employees were acting beyond the scope of their employment. See Billings v. United States, 57 F.3d 797, 800 (9th Cir.1995); Green v. Hall, 8 F.3d 695, 698 (9th Cir.1993). There are, however, two exceptions to the general rule that federal officers are not liable for conduct arising within the scope of their employment.
 
 
 7
 The first exception, 28 U.S.C. § 2679(b)(2)(A), states that the FTCA does not extend or apply to a civil action against a federal employee "which is brought for a violation of the Constitution of the United States." The Supreme Court has stated that this provision includes "Bivens action[s], seeking damages for a constitutional violation by a Government employee." See United States v. Smith, 499 U.S. 160, 166-67, 111 S.Ct. 1180, 113 L.Ed.2d 134 (1991); see also Love v. United States, 915 F.2d 1242, 1249 (9th Cir.1990) (holding that plaintiffs are entitled to plead Bivens claim along with FTCA as alternative basis for recovery). It was therefore error for the district court to extend certification to the federal employee defendants on Timberline's Bivens claim.
 
 
 8
 The second exception, 28 U.S.C. § 2679(b)(2)(B), states that the FTCA does not extend or apply to a civil action against a federal employee "which is brought for a violation of a statute of the United States under which such action against an individual is otherwise authorized." Although "Congress provided no specific explanation for [ § 2679(b)(2)(B) ], other than its general concern with preserving all pre-existing remedies available to victims of torts committed by federal employees," Smith, 499 U.S. at 181, it is clear that § 2679(b)(2)(B) must have been added to ensure that all pre-existing statutory remedies, including those provided by RICO, would remain intact following the adoption of the FELRTCA. Id. As such, the district court should not have extended certification on Timberline's RICO claims as well.
 
 
 9
 Notwithstanding our ultimate resolution of this case, we must conclude that it was error for the district court to apply the Attorney General's certification that the federal employee defendants were acting within the scope of their employment to Timberline's Bivens and RICO claims.
 
 II
 
 10
 We must now decide whether the district court erred in dismissing Timberline's complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).
 
 
 11
 The district court determined that, following the substitution of the United States for the federal employee defendants as the sole party defendant, Timberline was left with a single avenue of recovery, the FTCA. District Court Order at 7 (citing Green, 8 F.3d at 698). The district court then decided that Timberline's numerous allegations amounted to nothing more than "simple common-law torts of misrepresentation, fraud and interference with contract," and, as such, were barred against the United States by 28 U.S.C. § 2680(h), the statute creating exceptions to the FTCA. District Court Order at 8. The district court dismissed Timberline's complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).[1]
 
 
 12
 However, as discussed in Part I above, it was error for the district court to substitute the United States for the federal employee defendants. We must therefore analyze Timberline's RICO and Bivens claims as brought against the federal employee defendants, not against the United States.
 
 
 13
 * In order to establish a RICO claim under 28 U.S.C. § 1962(c), Timberline must properly allege (1) the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. See Smith v. Jackson, 84 F.3d 1213, 1217 (9th Cir.1996). "Racketeering activity" is any act indictable under the several provisions of Title 18 of the United States Code, including the predicate acts alleged by Timberline in this case: mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), federal extortion (18 U.S.C. § 1951), and federal racketeering (18 U.S.C. § 1952). See 18 U.S.C. § 1961; Smith, 84 F.3d at 1217. Simply alleging that the federal employee defendants committed the predicate acts, however, is insufficient to sustain a RICO cause of action.
 
 
 14
 We have repeatedly insisted that Fed.R.Civ.P. 9(b), which requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, as well as the role of each defendant in each scheme, be followed in RICO actions alleging the predicate acts of mail or wire fraud. See Lancaster Community Hosp. v. Antelope Valley Hosp. Dist., 940 F.2d 397, 405 (9th Cir.1991); Moore v. Kayport Express, Inc., 885 F.2d 531, 541 (9th Cir.1989). The rule of particularity requires the plaintiff to plead with specificity both the alleged fraudulent conduct and the use of the mails. See Lancaster, 940 F.2d at 405. General allegations regarding use of the mails are too vague to satisfy the dictates of Rule 9(b). Regarding non-fraud-based predicate acts, although this court is required to construe all allegations of material fact in the light most favorable to the nonmoving party, see Allwaste, Inc. v. Hecht, 65 F.3d 1523, 1527 (9th Cir.1995), conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim. See In re Stac Elec. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir.1996).
 
 
 15
 Timberline's complaint fails to satisfy the foregoing requirements. It simply echoes the language of the RICO statute. It provides few details as to specific times, places, or roles played by individual defendants in the alleged scheme. See, e.g., Complaint at 12-25. The complaint fails to allege with specificity any of the alleged communications between the parties or any facts relating to the alleged use of the mails or wires. See Lancaster, 940 F.2d at 405. Moreover, although Timberline alleges that the federal employee defendants have engaged in the "obstruction of a criminal investigation, witness tampering and witness retaliation[,] .... economic and/or financial extortion and/or coercion, ... with the intent to harm [Timberline's] business and/or property," see Complaint at 12-13, it provides little support for its allegations. Timberline repeatedly claims that various combinations of defendants engaged in a "pattern of racketeering activity," see, e.g., Complaint at 13-14, but it fails to state what this "activity" includes or when the federal employee defendants engaged in such a "pattern." In sum, Timberline has failed to provide this court with sufficient detail to evaluate whether behavior sufficient to support a RICO violation occurred. Timberline asks us to draw unwarranted inferences from its complaint and to accept as true its conclusory allegations of law. This we cannot do. We hold that the district court rightly dismissed Timberline's RICO claims even assuming the proper defendants were named. See First Pac. Bank v. Gilleran, 40 F.3d 1023, 1024-25 (9th Cir.1994) (holding that court of appeals may affirm on any grounds supported by record).
 
 B
 
 16
 Timberline's Bivens claim rests upon the same vague and conclusory allegations cited in support of its RICO claims and suffers, in large part, from the same infirmity. To find a Bivens claim against the federal employee defendants, we would have to "read numerous unalleged facts into [Timberline's] complaint." Bruns v. National Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir.1997). As noted, this is beyond our province. In addition to lacking specificity, however, Timberline's Bivens claim suffers from other fundamental defects as well.
 
 
 17
 Timberline alleges, without specifying any party by name, that the federal employee defendants engaged in "the aforementioned tortious conduct to deprive [it] of its due process rights in property, and that such tortious conduct violates plaintiffs' federal constitutional rights under the Fifth Amendment of the Constitution of the United States of America under Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics [sic]." Complaint at 29. The allegation must fail.
 
 
 18
 First, Timberline has failed to allege a cognizable due process violation. Timberline is seeking damages from the federal employee defendants, the quintessential postdeprivation remedy. Due process is not denied when a plaintiff seeks a postdeprivation remedy for the random and unauthorized act of a federal employee and an adequate postdeprivation remedy exists. See Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (holding that due process was not violated when government official intentionally deprived individual of property, provided meaningful postdeprivation remedy was available); Parratt v. Taylor, 451 U.S. 527, 542, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) (holding that due process was not violated when government official negligently deprived individual of property, provided meaningful postdeprivation remedy was available); Raditch v. United States, 929 F.2d 478, 480-81 (9th Cir.1991) (applying holdings in Hudson and Parratt ); see also Weiss v. Lehman, 676 F.2d 1320, 1322 (9th Cir.1982). Timberline is not bereft of an adequate postdeprivation remedy in this case. Indeed, it possesses a federal patent on its invention and could presumably bring suit against the government on the strength of that claim. Further, although the FTCA precludes a fraud action against the United States, it does not preclude an action for the common law tort of conversion. See CHoPP Computer Corp., Inc. v. United States, 5 F.3d 1344, 1347 (9th Cir.1993) (holding that a claim for conversion was not beyond scope of FTCA); see also Eatinger v. Johnson, 269 Mont. 99, 887 P.2d 231, 234 (1994) (articulating elements of conversion under Montana law). Presumably, if Timberline had properly presented such a claim under the FTCA to the appropriate governmental agency, it would have had an adequate tort remedy for its deprivation of property. See, e.g., Hudson, 468 U.S. at 535 (holding that fact that claimant might not have been able to recover under available state remedies full amount which he might have received under federal law is not determinative of adequacy of state remedies). As Timberline has failed to demonstrate that the postdeprivation remedies available to it are inadequate, it is clear that its due process rights could not be violated.
 
 
 19
 Second, even if we were to conclude that Timberline's due process rights were violated, the Supreme Court has cautioned against extending Bivens remedies into new contexts and we must heed that instruction. See Schweiker v. Chilicky, 487 U.S. 412, 422, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988) ("Our more recent decisions have responded cautiously to suggestions that Bivens remedies be extended into new contexts."); see also Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 484, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (declining to extend Bivens remedies against federal agencies). As noted in Meyer, although Bivens actions alleging a violation of the Due Process Clause of the Fifth Amendment may be appropriate in some contexts, they are not appropriate in others. See Meyer, 510 U.S. at 484 n. 9; compare Davis v. Passman, 442 U.S. 228, 248-49, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979) (implying Bivens action under equal protection component of Fifth Amendment Due Process Clause in context of alleged gender discrimination in employment) with Chilicky, 487 U.S. at 429 (refusing to imply Bivens action for alleged due process violations in denial of Social Security disability benefits on ground that damages remedy was not included in elaborate remedial scheme devised by Congress). It is instructive that Timberline has failed to direct us to any decision in which a federal court has chosen to extend a Bivens remedy to facts similar to those of this case. We must follow the Supreme Court's cautionary instructions and likewise decline to extend Bivens to this context. We therefore conclude that Timberline's Bivens claim was also properly dismissed by the district court. See First Pac. Bank, 40 F.3d at 1024-25.
 
 III
 
 20
 Finally, we decline Timberline's last-minute request to amend its complaint to remedy the aforementioned deficiencies. With regard to Timberline's Bivens claim, as discussed above, further amendment would be futile and, therefore, denial of leave to amend is appropriate. See Allwaste, Inc., 65 F.3d at 1530 (citing Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir.1987)). With regard to the RICO claims, although we are aware that a party is entitled to amend its pleadings once "as a matter of course" at any time before a responsive pleading is served, see Fed.R.Civ.P. 15(a), and that there is a strong policy favoring amendment, see Allwaste, Inc., 65 F.3d at 1530, Timberline has simply failed to point to any authority that would direct us to allow amendment of the complaint at this late stage of the proceedings. "Rule 15 is essentially aimed at the prejudgement phase of litigation, when leave to amend is freely granted.... After final judgment and on appeal, amendments may be possible, but the pleader's burden increases. Subsequent leave to amend will be granted 'sparingly and only if justice requires.' " 3 Moore's Federal Practice p 15.14 (3d ed.1997) (quoting Dartmouth Review v. Dartmouth College, 889 F.2d 13, 23 (1st Cir.1989)) (emphasis added). As noted by our sister circuit in Powers v. Boston Cooper Corp., 926 F.2d 109, 112 (1st Cir.1991), finality is of critical importance in our system of jurisprudence and at some point, a case must end. This is that point.
 
 IV
 
 21
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 **
 The Honorable William W Schwarzer, Senior District Judge for the Northern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court noted that the only claim pled by Timberline which may have survived the federal employee defendants' motion to dismiss was its negligence claim against the USDA (for which the United States was substituted as defendant). However, the district court correctly determined that this claim was barred under 28 U.S.C. § 2675, which forbids an action against the United States unless the claimant has first presented his claim to the appropriate federal agency and the claim has been denied (or presumed denied for failure of the agency to make a final disposition within six months). Because Timberline's notice to the USDA presenting its claim asserted misappropriation, not negligence, as its cause of action, it was insufficient to allow the USDA to conduct an investigation and was properly dismissed for lack of jurisdiction. See Avery v. United States, 680 F.2d 608, 610 (9th Cir.1982)