DECISION
PER CURIAM.
Alan Bissell and Maureen Lee Bissell (collectively “Bissell”) appeal the decision of the United States Court of Federal Claims, granting the United States’ motion to dismiss Bissell’s design patent infringement claims because they were not filed within the six-year statute of limitations as required by 28 U.S.C. § 2501(a). Bissell v. United States, No. 00-344C, slip op. at 1 (Ct.App.Fed.Cl.2001). Because the Court of Federal Claims did not err, we ajfirm.
BACKGROUND
During the relevant time period, Bissell held title, either directly, or indirectly through a company owned by Bissell, to United States Design Patent No. D308,008, claiming an ornamental design for a hose clamp. Bissell’s company marketed firefighting equipment. Bissell attempted to market the hose clamp to the United States Forest Service (“USFS”), a subdivision of the United States Department of Agriculture (“USDA”).
In December 1989, Bissell submitted a prototype of the hose clamp to Mr. Hill at the USFS. Bissell hoped to obtain “replacement item approval” and listing of the hose clamp in a USFS catalog. The government contends that the prototype clamp was returned in March 1990, while Bissell alleges that the USFS continues to possess it. In April 1990, Mr. Shenk of the USDA requested that Bissell ship him a production model of the clamp for testing. The government contends that the purpose of obtaining the production model was to resolve a dispute between USFS and Bissell. Bissell sent the production model to Mr. Shenk.
Bissell alleges that in May 1990, Mr. Hill denied approval of the clamp, but continued to test the production model for two months thereafter, which continuing use Bissell characterizes as without permission. Further, Bissell alleges that, without Bissell’s permission, the government displayed the production model at a trade show on September 22,1992.
Bissell later sued the government in the Federal District Court for the District of Montana, bringing a variety of non-patent claims, and on March 17, 1998, the Ninth Circuit affirmed the district court’s dismissal. Timberline v. Hill, 141 F.3d 1179, 1998 WL 123119 at *4 (9th Cir. Mar. 17, 1998) (unpublished). On August 28, 1998, Bissell filed an administrative claim with the USDA.
Then, on August 27, 1999, Bissell filed a complaint against the USDA for “patent infringement” and violation of the Montana trade secrets statute in the District of Montana. On February 24, 2000, the district court transferred the case to the Court of Federal Claims. Bissell filed its complaint in the Court of Federal Claims on October 4, 2000.
The Court of Federal Claims held that Bissell did not satisfy the jurisdictional *416 requirements to bring a claim because the alleged patent infringement claim first accrued more than six years prior to the August 27, 1999, filing date of the transferred claim. Bissell, slip op. at 5, 8 (citing 28 U.S.C. § 2501, which establishes the six-year statute of limitations period for claims brought in the Court of Federal Claims). Bissell timely appealed from the Court of Federal Claims’ determination. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).
DISCUSSION
This court reviews de novo all legal determinations, including a dismissal by the Court of Federal Claims for lack of jurisdiction. Frazer v. United States, 288 F.3d 1347, 1351 (Fed.Cir.2002); Brown v. United States, 195 F.3d 1334, 1337 (Fed.Cir.1999); Burnside-Ott Aviation Training Ctr., Inc. v. United States, 985 F.2d 1574, 1579 (Fed.Cir.1993); Dehne v. United States, 970 F.2d 890, 892 (Fed.Cir.1992). We review factual determinations for clear error. Wyatt v. United States, 271 F.3d 1090, 1096 (Fed.Cir.2001). For purposes of a motion to dismiss, the factual allegations of the non-moving party are accepted as true. Merrick v. United States, 846 F.2d 725, 726 (Fed.Cir.1988). However, Bissell bears the burden of proving that the Court of Federal Claims possessed jurisdiction over his complaint. Rocovich v. United States, 933 F.2d 991, 993 (Fed.Cir.1991). If alleged jurisdictional facts are challenged, a court may look at evidence outside the pleadings to resolve the issue. Reynolds v. Army, 846 F.2d 746, 747 (Fed.Cir.1988).
The statute of limitations applicable to suits in the Court of Federal Claims provides, in pertinent part:
Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues.
28 U.S.C. § 2501 (2000).
Section 2501 constitutes a jurisdictional limit on the authority of the Court of Federal Claims. In Caguas Central Federal Savings Bank v. United States, we explained why this is so: “[I]n the Court of Federal Claims, the statute of limitations is jurisdictional, because filing within the six-year period was a condition of the waiver of sovereign immunity in the Tucker Act.” 215 F.3d 1304, 1310 (Fed.Cir.2000) (citing 28 U.S.C. § 1491(a)(1)). As such, § 2501 must be strictly construed. See, e.g., Library of Congress v. Shaw, 478 U.S. 310, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986) (holding that statutes waiving sovereign immunity must be strictly construed); Frazer, 288 F.3d at 1351.
As the Court of Federal Claims described, a claim “first accrues” when all events have occurred that underlie the plaintiffs action. Starobin v. United States, 229 Ct.Cl. 67, 662 F.2d 747, 749-50. The government’s unauthorized use of a patented invention is not regarded as continuing in nature for purposes of the jurisdictional analysis arising from the statute of limitations. Id. The Court of Federal Claims made a factual finding that Bissell was aware as of July 1990 of the alleged unauthorized use of the clamp. Bissell, slip op. at 6-8. We find no error in this finding because Bissell alleged before the Court of Federal Claims, as he alleges before us, this very fact of unauthorized use when Bissell contends that unauthorized testing occurred two months after it delivered the production clamp in May 1990. Thus, Bissell alleges the very fact that meets the requirements for a claim to first accrue in July 1990 — unauthorized use of the clamp.
*417 We further see no legal error in the Court of Federal Claim’s conclusion drawn from its factual finding. The court reasoned that the claim was filed over nine years after the claim first accrued. Id. at 8. Given that the claim first accrued in July 1990 and that Bissell filed the claim in August 1999, Bissell has not shown the Court of Federal Claims’ conclusion to be in error. Nor has Bissell raised any other viable contention of legal error by the Court of Federal Claims in its other arguments and contentions on appeal. We have considered such arguments and contentions and find them to be unpersuasive.
Because the Court of Federal Claims did not err in its conclusion that Bissell’s claim for design patent infringement was jurisdictionally barred by the statue of limitations for bringing such suits against the Federal Government, we affirm the Court of Federal Claim’s grant of the government’s motion to dismiss.