NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN STEPHEN SACCHETTI,**
*Plaintiff-Appellant*

**MARK JOSEPH SACCHETTI,**
*Plaintiff*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

**CYRACOM INTERNATIONAL, LLC,**
*Third Party Defendant-Appellee*

---

2017-1484

---

Appeal from the United States Court of Federal Claims in No. 1:15-cv-01399-MBH, Judge Marian Blank Horn.

---

Decided: October 6, 2017

---

JOHN STEPHEN SACCHETTI, Lady Lake, FL, pro se.

JENNA ELIZABETH MUNNELLY, Appellate Staff, Civil Division, United States Department of Justice, Washing-

ton, DC, for defendant-appellee. Also represented by CHAD A. READLER, GARY LEE HAUSKEN, SCOTT DAVID BOLDEN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC.

LAWRENCE KASTEN, Lewis Roca Rothgerber Christie LLP, Phoenix, AZ, for third party defendant-appellee. Also represented by SHANE E. OLAFSON.

———————————

Before CHEN, PLAGER, and HUGHES, *Circuit Judges.*

PER CURIAM.

John Sacchetti, proceeding pro se, appeals a decision from the United States Court of Federal Claims (Claims Court), dismissing his asserted patent infringement claims (patent claims) and trademark infringement claims (trademark claims) against the United States (the government) for lack of subject matter jurisdiction. Because the plaintiff did not demonstrate that he brought the patent claims within the jurisdictional, six-year statute of limitations for all claims filed in the Claims Court and because the Claims Court has no jurisdiction to hear the trademark claims, we *affirm.*

## BACKGROUND

John Sacchetti and Mark Sacchetti (collectively, the plaintiffs) filed suit against the government on November 19, 2015, alleging infringement of their intellectual property rights. More specifically, the plaintiffs alleged that the government has not compensated them for its use of two patents that they own concerning dual handset telephones—U.S. Design Patent No. 382,264 and U.S. Patent No. 5,604,798 (patents-in-suit)—and a trademark that is purportedly registered to Mark Sacchetti for the phrase "The You Talk Two Phone."

Upon receipt of the complaint, the government notified third-party government contractors that were implicated by the plaintiffs' allegations, including CryaCom International, Inc. (CryaCom). CryaCom joined the case as a third-party defendant. Both the government and CryaCom (collectively, defendants) then moved to dismiss the case for, among other reasons, lack of subject matter jurisdiction. Specifically, they argued that the patent claims began to accrue more than six years before the plaintiffs filed their complaint, and thus the claims fell outside of the jurisdictional, six-year statute of limitations prescribed in 28 U.S.C. § 2501 (2012), for claims brought in the Claims Court. As to the plaintiffs' trademark claims, they argued that the Claims Court had no jurisdiction to hear such claims.

The Claims Court agreed with the defendants, concluding that the plaintiffs failed to meet their burden of establishing subject matter jurisdiction over the patent and trademark claims. In construing the plaintiffs' complaint liberally, the Claims Court found that their patent claims began to accrue before November 19, 2009—the critical date for jurisdictional purposes—and held that only United States District Courts could entertain the trademark claims.

John Sacchetti now appeals the Claims Court's conclusions.[1] We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3) (2012).

---

[1] Mark Sacchetti passed away during the Claims Court proceedings, and although John Sacchetti twice sought to have him substituted by another party, John Sacchetti's efforts were rejected by the Claims Court. In light of these circumstances, Mark Sacchetti had to be dismissed from the case, leaving only John Sacchetti to appeal any adverse rulings from the Claims Court. *See* R.

DISCUSSION

A party must establish the Claims Court's jurisdiction by a preponderance of the evidence. *E.g.*, *Acevedo v. United States*, 824 F.3d 1365, 1368 (Fed. Cir.), *cert. denied*, 137 S. Ct. 390 (2016) (citing *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011)). This remains so even as we liberally construe a pro se party's pleadings. *See, e.g.*, *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). We review a Claims Court's decision to dismiss for lack of subject matter jurisdiction de novo. *E.g.*, *Petro-Hunt, L.L.C. v. United States*, 862 F.3d 1370, 1378 (Fed. Cir. 2017) (citing *Fid. & Guar. Ins. Underwriters, Inc. v. United States*, 805 F.3d 1082, 1087 (Fed. Cir. 2015)). We conclude after liberally reading John Sacchetti's informal briefing that the Claims Court did not err in dismissing his patent and trademark claims.

28 U.S.C. § 2501 imposes a six-year statute of limitations on any causes of action filed in the Claims Court. *Id.* ("Every claim of which the [Claims Court] has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues."). This statute of limitations is a jurisdictional limit on the authority of the Claims Court. *See Caguas Cent. Fed. Sav. Bank v. United States*, 215 F.3d 1304, 1310 (Fed. Cir. 2000) (citing *Hopland Band of Pomo Indians v. United States,* 855 F.2d 1573, 1576–77 (Fed. Cir. 1988)). And it must be "strictly construed." *MacLean v. United States,* 454 F.3d 1334, 1336 (Fed. Cir. 2006) (quoting *Hopland*, 855 F.2d at 1576–77).

The Claims Court understood John Sacchetti to be claiming that he was entitled to compensation under 28

---

Fed. Cl. 25. Moreover, John Sacchetti does not appeal the Claims Court's decision to deny substitution.

U.S.C. § 1498 on the ground that the government was infringing his patents. Appx. at 13-14. The government agrees, and notes that this action arose pursuant to Section 1498 and the Lanham Act. Appellee Br. at 1. John Sacchetti has not expressed a different view.

A cause of action arises for the government's unauthorized use of a patent owner's claimed invention under 28 U.S.C. § 1498 (2012). *See id.* § 1498(a) ("Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the [Claims Court] for the recovery of his reasonable and entire compensation for such use and manufacture.").

Importantly, the jurisdictional clock for a § 1498 action begins to run when the government first uses the claimed invention without authorization and that specific use is not considered continuous in nature for jurisdictional purposes. *See Starobin v. United States*, 662 F.2d 747, 750 (Ct. Cl. 1981) ("[T]o hold that every use of a patented item during the lifespan of a patent marks the accrual of a new cause of action within the meaning of 28 U.S.C. [§] 2501 '[w]ould create a most difficult situation in the accounting stage of patent infringement suits, since it would create a possibility of recovery for unauthorized use open for an indefinite period on all patented items possessed by the defendant.'" (quoting *Regent Jack Mfg. Co. v. United States*, 337 F.2d 649, 651 (Ct. Cl. 1964))); *see also Hyde v. United States*, 336 F. App'x 996, 998 (Fed. Cir. 2009); *Bissell v. United States*, 41 F. App'x 414, 416 (Fed. Cir. 2002).

Here, the Claims Court found that all allegations concerning the government's first unauthorized use of the patents-in-suit began before November 19, 2009. *See* Appx. at 16–17. Our review of the record also reveals that

John Sacchetti has not alleged that a purportedly infringing product was first used by or for the government within the six-year statute of limitations. The Claims Court, therefore, properly dismissed the patent claims for lack of subject matter jurisdiction.

Finally, as to the trademark claims, the Claims Court correctly held that those claims, if they can be asserted at all, must be brought in a United States District Court. *Id.* at 18 (citing 15 U.S.C. § 1121(a) (2012)); *see also* 28 U.S.C. §§ 1491–1509 (2012) (setting forth Claims Court's jurisdiction). Because the Claims Court is not a court of competent jurisdiction for the trademark claims, it correctly dismissed these claims for lack of subject matter jurisdiction as well.

CONCLUSION

For the foregoing reasons, we *affirm* the Claims Court's decision to dismiss John Sacchetti's patent and trademark claims.

**AFFIRMED**

COSTS

No Costs.