**NINTENDO OF AMERICA, INC., Plaintiff,**

v.

**Kenneth V. KETCHUM d/b/a Game Fan and d/b/a Diversified Wholesale; Gary Brinson d/b/a Superior Video; and Bradley S. Isom, Defendants.**

No. 90–439–CIV–T–17B.

United States District Court, M.D. Florida, Tampa Division.

Sept. 10, 1993.

James P. Donohue, Miller, Nash, Wiener, Hager & Carlsen, Seattle, WA, Keith E. Rounsaville, Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, P.A., Tampa, FL, for Nintendo of America, Inc.

Alan M. Oravec, Abel, Band, Russell, Collier, Pitchford & Gordon, Chartered, Sarasota, FL, for Kenneth V. Ketchum dba Diversified Wholesale dba Game Fan.

Gary C. Brinson, pro se.

Bradley S. Isom, pro se.

### ORDER ON PLAINTIFF'S MOTION FOR FINAL SUMMARY JUDGMENT AWARDING DAMAGES, ATTORNEY'S FEES AND COSTS

KOVACHEVICH, District Judge.

This cause comes before the Court on a motion filed by the Plaintiff for final summary judgment awarding damages, attorney's fees and costs. Final summary judgment against the Defendants on the issue of liability has already been entered by this Court, reserving the issue of damages.

This case involves a copyright infringement and trademark counterfeiting action brought by Plaintiff as a result of an investigation into the sale of counterfeit video cartridges by Superior Video. Acting on a tip from one of its customers, Plaintiff hired investigators who were able to uncover extensive dealings by the Defendants in multiple video game cartridges, each of which contained a total of eleven (11) games infringing Nintendo's copyrights and trademarks. Plaintiff then filed a complaint

against Defendants for copyright infringement and trademark counterfeiting.

Subsequently, Defendants Ketchum and Isom were arrested in North Carolina and pled guilty to criminal charges of knowingly and intentionally infringing Nintendo's copyrights and trademarks. The Defendants were ordered to pay restitution to the Plaintiff as a result of those proceedings. In this Court, a default judgment on liability was entered against Defendant Isom in 1990, and summary judgment on liability was entered against Defendants Ketchum and Brinson in 1991.

Plaintiff is now seeking statutory damages against Defendants pursuant to 17 U.S.C. § 504(c)(1), treble damages pursuant to 15 U.S.C. § 1117(b), and attorney's fees pursuant to 17 U.S.C. § 505. Defendants have filed nothing in opposition to Plaintiff's motion.

### DISCUSSION

■ Statutory damages in copyright cases are governed by 17 U.S.C. § 504, remedies for infringement. Under 17 U.S.C. § 504(b), the copyright owner may elect statutory damages in lieu of actual damages and profits. A plaintiff may elect statutory damages whether there is adequate evidence of actual damages to the copyright owner or profits gained by the infringer. *Cable/Home Communication Corp. v. Network Productions, Inc.,* 902 F.2d 829, 850 (11th Cir.1990). This district has interpreted 17 U.S.C. § 504(c) to permit recovery within the statutory limits for each infringement.

■ The court has wide discretion in determining the amount of damages within the statutory limits. *Id.* at 852. In exercising its discretion, the court may consider several factors including the expenses saved and profits reaped by infringer, revenues lost by copyright holder as a result of infringement, and infringer's state of mind, whether willful, knowing or innocent. *Nick–O–Val Music, Inc. v. P.O.S. Radio Inc.,* 656 F.Supp. 826 (M.D.Fla.1987). In addition, the court should be guided by purposes of the Act including restitution to prevent unjust enrichment, reparation of injury, and deterrence of further wrongful conduct by defendant and others. *United Feature Syndicate, Inc. v. Sunrise Mold Co., Inc.,* 569 F.Supp. 1475 (S.D.Fla.1983).

■ Although Plaintiff has suggested in its motion that the "Defendants saved substantial license revenue expenses and reaped enormous profits," Plaintiff has offered no evidence of the expenses saved by Defendants for licensing fees, etc. Plaintiff has simply asked this Court for an arbitrary amount of $50,000 per infringement based upon the finding of willful conduct.

The fact that the Defendants acted willfully and knowingly has been established by the evidence presented by Plaintiff. Defendant Ketchum has pled guilty to criminal charges in North Carolina of knowingly and intentionally disseminating counterfeit cartridges. Defendant Brinson, owner of Superior Video, has admitted his knowledge that Ketchum and Isom were selling and distributing counterfeit cartridges from his store. Thus the existence of culpable conduct is clear.

Taking all of these factors into consideration, along with the purposes of the Copyright Act, this Court finds that the copyright holders are entitled to statutory damages in the amount of $2,000 for each of the twelve infringements, under 17 U.S.C. § 504(c)(2), for a total of $24,000.

■ Further, having prevailed on its claim under the Trademark Counterfeiting Act, Plaintiff is also entitled to damages under 15 U.S.C. § 1117. Section 1117(a) provides, *inter alia,* that for violations under this Act, the plaintiff shall be entitled to the defendant's profits, any damages sustained by the plaintiff and costs of the action, subject only to the principles of equity. Moreover, under section 1117(b), the court shall enter judgment for three times such profits or damages, whichever is greater, together with a reasonable attorney's fee, for willful violations unless the court finds extenuating circumstances. *See Polo Fashions, Inc. v. Rabanne,* 661 F.Supp. 89 (S.D.Fla.1986).

■ Proof of actual damages or profits is not necessary, as "it will be enough if the evidence shows the extent of the damages as a matter of just and reasonable inference,

although the result be only approximate." *Id.* at 97. Thus, the court may rely on circumstantial evidence of the extent of the defendant's wrongdoing to assess damages. *See Id.*

■ In its motion with attached affidavits and copies of answers to interrogatories, Plaintiff has submitted an estimate of the amount of revenues lost by Nintendo at $990,000, representing 5,000 cartridges sold at a price of $198.00 per cartridge. Plaintiff has also suggested that Defendants' gross sales for the 5,000 cartridges total $325,000, at Defendants' quoted price of $65.00 per cartridge. In the absence of any proof to the contrary submitted by Defendants, this Court finds that these documents represent reasonable approximations of the amount of damages sustained by the Plaintiff.

■ Furthermore, doubts about the actual assessment of damages will be resolved against the party who frustrates proof of such, and the factfinder may calculate damages at the highest reasonably ascertainable value. *Id.* at 97. The highest reasonably ascertainable value in this case would be the amount of the plaintiff's damages, $990,000, as the revenues lost by Nintendo.

Therefore, since Defendants have offered no proof of extenuating circumstances, and since this Court finds that none existed, Plaintiff is entitled to an award of treble damages in the amount of $2,970,000 for trademark counterfeiting under 15 U.S.C. § 1117(b).

■ Under 17 U.S.C. § 505, the court may in its discretion award the prevailing party reasonable attorney's fees and costs. Furthermore, pursuant to 15 U.S.C. § 1117(b), the court shall, absent extenuating circumstances, enter judgment for damages "together with a reasonable attorney's fee...." Therefore, since this Court finds no extenuating circumstances, Plaintiff shall be awarded reasonable attorney's fees and costs. The Court directs that Nintendo submit within 30 days affidavits reciting the work done, the time involved and the total amount claimed for attorneys fees and costs, at which time the Court will make its determination of the amount to be awarded.

Plaintiff Nintendo is awarded, and defendants are jointly and severally liable for damages in the total amount of $2,994,000, plus reasonable attorney's fees and costs to be determined by this Court at a later date. Accordingly, it is

**ORDERED** that the Plaintiff's Motion for Final Summary Judgment Awarding Damages, Attorney's Fees and Costs is **GRANTED.**

**DONE and ORDERED.**