**LATIN AMERICAN MUSIC COMPANY, INC. a/k/a LAMCO, d/b/a Asociacion de Compositores Y Editores de Musica Latinoamericana, a/k/a ACEMLA, Plaintiff,**

v.

**SPANISH BROADCASTING SYSTEMS, INC. and WSKQ Radio, Defendants.**

**No. 89 Civ. 6741 (DC).**

United States District Court, S.D. New York.

Oct. 27, 1994.

Jeffrey E. Jacobson, Jacobson & Colfin, New York City, for plaintiff Latin American Music Co. aka ACEMLA aka Asociacion de Compositores Y Editores de Musica aka LAMCO.

Stuart A. Shorenstein, Lowenthal Landau Fischer & Ziegler, New York City, for defendants Spanish Broadcasting Systems, Inc., WSKQ Radio.

## MEMORANDUM DECISION AND ORDER

CHIN, District Judge.

Defendants Spanish Broadcasting Systems, Inc. and WSKQ Radio move to strike plaintiff Latin American Music Company, Inc.'s jury demand. For the reasons set forth below, the motion is granted.

In addition, pursuant to this Court's order of September 27, 1994, the parties have briefed the issue of whether, assuming liability, statutory damages are to be awarded on a per song or per infringement basis. The Court concludes that damages are to be awarded on the basis of each song and not each infringement.

*FACTS*

This case involves the alleged infringement of 21 songs or musical compositions (the "Songs") owned by plaintiff Latin American Music Co., Inc. (a/k/a LAMCO, d/b/a Asociacion de Compositores Y Editores de Musica Latinoamericana, a/k/a ACEMLA; hereinafter "ACEMLA"), a music publisher, by defendants Spanish Broadcasting System, Inc. and WSKQ Radio (collectively, "SBS"). Plaintiff alleges that defendants infringed upon plaintiff's copyrights by broadcasting the Songs on their radio station without plaintiff's consent.

The parties have completed discovery, including depositions, interrogatories and document requests. One of SBS's interrogatories asked ACEMLA to "describe each and every basis for the damages or other relief claimed, including a computation of each category of damage alleged." ACEMLA's response did not provide an amount of actual damages, nor did it identify any persons who could calculate actual damages or any documents

that might support a claim of actual damages. ACEMLA simply stated that "damages are a result of defendants' infringements amounting to loss of profits suffered by the plaintiff in addition to defendants' unjust gain as a result of these infringements." Plaintiff also responded that, alternatively, it could elect statutory damages for each infringement.

On May 17, 1990, a deposition was taken of Luis Raul Bernard, who apparently is a "principal" of ACEMLA, at which Mr. Bernard stated that no one at ACEMLA had computed the profits lost by ACEMLA as a result of SBS's alleged infringement. SBS maintains, and ACEMLA does not contest, that the interrogatory response and Mr. Bernard's deposition testimony constitute all of the discovery provided by ACEMLA on the issue of damages. The time for discovery closed in or about the end of 1991.

DISCUSSION

A. *Actual vs. Statutory Damages.*

■ A plaintiff in a copyright infringement action may elect to pursue either (i) actual damages plus infringer's profits or (ii) statutory damages, but not both. 17 U.S.C. §§ 504(a), (c)(1). Thus, although the election may be made at any time before final judgment is rendered, once a plaintiff elects statutory damages he may no longer seek actual damages. *See Twin Peaks Productions, Inc. v. Publications, Int'l, Ltd.,* 996 F.2d 1366, 1380 (2d Cir.1993); *Oboler v. Goldin,* 714 F.2d 211, 213 (2d Cir.1983). Additionally, if a plaintiff is unable to demonstrate actual damages, he is restricted to an award of statutory damages. *See Lottie Joplin Thomas Trust v. Crown Publishers,* 592 F.2d 651, 657 (2d Cir.1978) (affirming district court's award of statutory damages where actual damages would have been "virtually impossible" to calculate); *Robert Stigwood Group Ltd. v. O'Reilly,* 530 F.2d 1096, 1101 n. 11 (2d Cir.), *cert. denied,* 429 U.S. 848, 97 S.Ct. 135, 50 L.Ed.2d 121 (1976) (where actual damages are not proven, statutory minimum must be awarded); *Plymouth Music Co. v. Magnus Organ Corp.,* 456 F.Supp. 676, 681 (S.D.N.Y. 1978) (statutory damages awarded where

plaintiffs failed to prove damages caused by defendant's infringement).

■ If the plaintiff elects, or is deemed to have elected, statutory damages, the right to a jury trial by either party is considered waived, since the determination of statutory damages is an issue for the court rather than the jury. *Oboler v. Goldin,* 714 F.2d at 213 (citing 17 U.S.C. § 504(c)(1), (2)); *see also Janus Films, Inc. v. Miller,* 801 F.2d 578, 580 (2d Cir.1986) (affirming district court's striking jury demand once plaintiff elected statutory damages); *Broderbund Software, Inc. v. Megatronics, Inc.,* 859 F.Supp. 640 (E.D.N.Y.1994) (granting plaintiff's motion to strike defendant's jury demand since plaintiff sought only statutory damages).[1]

■ SBS argues that since ACEMLA failed to offer proof of actual damages during discovery, it has elected, by default, to seek statutory damages and has consequently waived its right to a jury trial. I agree. The period for discovery in this case ended nearly three years ago and ACEMLA has not provided any proof as to whether or to what extent it suffered actual damages. Nor has ACEMLA identified any proof of actual damages in the pretrial order previously submitted. In fact, the pretrial order does not even allege actual damages in the statement of ACEMLA's contentions of fact. Hence, ACEMLA would be precluded from introducing evidence on the issue of actual damages at trial, and the only damages that ACEMLA could be awarded would be statutory damages, which do not require a jury trial.

ACEMLA contends that its failure to provide proof of actual damages before trial should not be considered as an election of statutory damages since actual damages may be difficult to measure. This argument misinterprets the law. It is precisely in those instances where actual damages are difficult to ascertain that the award of statutory damages is appropriate. *See Stein and Day Inc. v. Red Letter Books, Inc.,* 1984 WL 2199, *3 (S.D.N.Y.1984) (election of statutory damages appropriate "where the measure of actual damages is difficult to prove") (quoting

1. ACEMLA's argument that it is entitled to a jury trial even with respect to its claim for statutory damages is frivolous, in light of the Second Circuit cases that are directly on point.

*Lauratex Textile Corp. v. Allton Knitting Mills*, 519 F.Supp. 730, 732 (S.D.N.Y.1981)).

ACEMLA further asserts that it is not required to make an election regarding damages "at this early stage of the proceedings." First, this case is no longer in an "early stage." All discovery is complete and the case is supposed to be ready for trial. Second, while it is correct that a plaintiff in a copyright infringement case ordinarily may choose the type of damages it will seek at any time until final judgment is rendered, a plaintiff who has failed to produce any evidence of actual damages in discovery has lost that ability to choose.

B. *Damages Award for Multiple Infringements.*

 Plaintiff maintains that in the event this Court finds that statutory damages should be awarded, they should be awarded for each infringement of each Song, that is, for each time each Song was played. Defendants challenge this assertion, contending that the appropriate measure of damages is per song.

Defendants are correct: statutory damages, if any, will be awarded on a per song basis. Under the 1909 Copyright Act, damages were available for each separate infringement of a particular work. *See Robert Stigwood Group Ltd. v. O'Reilly*, 530 F.2d at 1102. The 1976 Copyright Act, however, shifted the measure of damages from the number of infringements to the number of works. *See* 17 U.S.C. § 504(c)(1) (court may make "an award of statutory damages for all infringements involved in the action, with respect to any one work"); *see also,* H.R.Rep. No. 1476, 94th Cong., 2d Sess. at 162 (1976), *reprinted in* 1976 U.S.Code Cong. and Admin.News at 5659, 5778 ("A single infringer of a single work is liable for a single amount ... no matter how many acts of infringement are involved in the action...."); *accord Twin Peaks Productions*

*v. Publications International Ltd.*, 996 F.2d at 1381.[2] Consequently, if defendants are found to have infringed upon plaintiff's copyrights of the Songs, this Court will award statutory damages for each work, not for each infringement.

*CONCLUSION*

For the reasons set forth above, defendants' motion to strike plaintiff's jury demand is granted. The case will be tried to the Court. In addition, if liability is found, statutory damages will be awarded on a per song basis.

On September 27, 1994, I ordered the parties to submit a Joint Pretrial Order by November 9, 1994. Pursuant to my decision today to strike plaintiff's jury demand, the parties should also submit by November 9, 1994 proposed findings of fact and conclusions of law as well as trial memoranda of law. Trial will commence on November 21, 1994.[3]

SO ORDERED.

---

**2.** Plaintiff's interpretation of *Twin Peaks* is faulty. The Second Circuit granted eight separate statutory damage awards because the infringed works in that case were eight separate teleplays, not because the defendants infringed on a single work eight times. *Twin Peaks*, 996 F.2d at 1381 ("[O]urs is the easy case of infringement of eight separate works that warrants eight statutory awards").

**3.** As previously discussed, plaintiff shall produce for deposition prior to November 21, 1994 its witnesses who are located abroad.