**PENTAGEN TECHNOLOGIES INTERNATIONAL LIMITED, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 98–5133.

United States Court of Appeals, Federal Circuit.

May 3, 1999.

Joel Z. Robinson, New York, New York, argued for plaintiff-appellant.

Ken B. Barrett, Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, argued for defendant-appellee. On the brief were Vito J. DiPietro, Director and Thomas J. Byrnes, Attorney.

Before MAYER, Chief Judge, FRIEDMAN, Senior Circuit Judge, and SCHALL, Circuit Judge.

FRIEDMAN, Senior Circuit Judge.

Pentagen Technologies International Limited (Pentagen) challenges the Court of Federal Claims' dismissal of its suit against the United States seeking damages for copyright infringement. The court held that because the single act of alleged infringement occurred more than five years before the complaint was filed, recovery was precluded under 28 U.S.C. § 1498(b) – which bars recovery for any copyright infringement by the government committed more than three years before the filing of the complaint – and that the complaint therefore failed to state a claim upon which relief could be granted. We affirm.

I

Pentagen's complaint, filed April 1, 1997, alleged that Pentagen owns the copyright on MENTIX (which is stated elsewhere to be a computer software program), that "[s]ince August 1990, [Pentagen] has never authorized any use of MENTIX by the United States Government," and that "[o]n or about July 1991, unknown to Pentagen, a technical evaluation was undertaken by AMC [Army Materiel Command] and other U.S. Government personnel." The complaint further stated that in January 1994 "Pentagen requested compensation from the U.S. Government for unlawful use [of] MENTIX," that on January 11, 1994 the government denied the claim "because there had been no use of MENTIX," and that in 1997 Pentagen received a witness statement that "[a] technical evaluation [of MENTIX] was undertaken by AMC [Army Material Command] Personnel."

The complaint was filed pursuant to Rule 27 of the Court of Federal Claims' Rules, which permits a plaintiff who lacks adequate information to plead with "the requisite particularity" to file a preliminary complaint and then conduct initial discovery in order to obtain the necessary information. RCFC 27(a)(1). The complaint set forth additional information it "require[d] … in order to show fully the facts establishing plaintiff's claim."

The government moved to dismiss for lack of jurisdiction. It pointed out that the only infringement Pentagen alleged was the "technical evaluation" in 1991, and that since the alleged infringement was committed more than three years before the 1997 filing of the complaint, it was untimely under 28 U.S.C. § 1498(b) and the court therefore lacked jurisdiction over the suit. Pentagen countered by arguing that it did not know of the alleged infringement until it received the witness statement of a government employee in 1997, that the government had concealed the infringement during the interval between 1991 and 1997, and that therefore the intervening period should be excluded in calculating the three-year period for recovery of damages under section 1498(b).

The court, treating the motion as one to dismiss for failure to state a claim upon which relief could be granted, agreed with the government and dismissed the complaint. The court noted that Pentagen "is alleging no ongoing harm and is seeking damages from the government only for the one act of infringement that occurred prior to September of 1991. Plaintiff seeks no damages for any claim accrued within three years of the filing of the complaint in this action."

## II

Under 28 U.S.C. § 1498(b), a copyright owner's exclusive remedy for infringement by the government (or its contractors) is to file suit against the United States in the Court of Federal Claims. That provision further provides:

Except as otherwise required by law, no recovery shall be had for any infringement of a copyright covered by this subsection committed more than three years prior to the filing of the complaint ... except that the period between the date of receipt of a written claim for compensation by the ... Government ... and the date of mailing by the Government of a notice to the claimant that his claim has been denied shall not be counted as a part of the three years[.]

A provision of the Patent Act, 35 U.S.C. § 286, is virtually identical, except that the damages limitation is six years and it covers suits against either the United States or private parties.

Section 1498(b) in terms proscribes any award of damages for the infringement charged in the complaint. That infringement allegedly occurred in July 1991, more than five years before the filing of the complaint in April 1997.

Pentagen argues that the government concealed the infringement and that Pentagen did not learn about it until it received the witness statement in 1997. It argues that the three year limitation on damages in section 1498(b) should be equitably tolled.

The complaint, however, does not allege either that the government concealed the July 1991 alleged infringement or that Pentagen was unaware of the infringement until 1997. The absence of these two factual predicates is fatal to Pentagen's present attempt to invoke equitable tolling to escape the three-year statutory bar. The only allegation in the complaint that is possibly relevant to either of these two elements – that in 1997 Pentagen received a witness statement from the government that "[a] technical evaluation [of MENTIX] was undertaken by AMC Personnel" – does not assert, or even imply that that was the first time Pentagen was aware of the alleged infringement. Furthermore, as Pentagen also contends that the infringement for which it requested compensation from the government in January 1994 was not the infringement involved in this case – and it therefore was not aware of the infringement on that date, more than three years before it filed the complaint – it follows that the government's statement in that month denying the claim "because there had been no use of MENTIX" also related to that other infringement and was not concealment.

This is not a *pro se* complaint which, because of *pro se* litigants' unfamiliarity with legal requirements, we interpret liberally and excuse errors reflecting such unfamiliarity. Pentagen has been represented by counsel throughout this litigation – counsel who was sufficiently sophisticated to be aware of the provisions in Court of Federal Claims Rule 27 permitting a preliminary complaint when a party lacks sufficient information to file an adequate one. At the time Pentagen filed this complaint, it obviously knew sufficient facts relating to the alleged concealment and the time it discovered the infringement to set forth those claims with sufficient particularity in the complaint.

Even where equitable tolling might apply, a complaint properly may be dismissed for failure to state a claim as time-barred if (1) the face of the complaint shows that the claim is time-barred and (2) no ground for equitable tolling can be reasonably inferred from its allegations. *See Jablon v. Dean Witter & Co.,* 614 F.2d 677, 682 (9th Cir.1980). That is precisely the case here.

At oral argument, Pentagen suggested that if its complaint is deficient, it should be permitted to replead. It never sought, however, to file an amended complaint,

although it did move the Court of Federal Claims to reconsider the decision. Pentagen's proposal to amend its complaint comes too late.

Since the sole act of infringement alleged occurred more than three years before the complaint was filed, section 1498(b) bars recovery for that infringement. The Court of Federal Claims correctly dismissed the complaint for failure to state a claim upon which relief could be granted.

## CONCLUSION

The judgment of the Court of Federal Claims is

*AFFIRMED.*