**Peter S. WECHSBERG, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 01–85 C.**

United States Court of Federal Claims.

Oct. 11, 2002.

W. Bruce Day, Kansas City, MO, for plaintiff.

Scott Bolden, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant, with whom were Vito J. DiPietro, Director, and Robert D. McCallum, Jr., Assistant Attorney General.

## OPINION

DAMICH, Chief Judge.

### I. Introduction

This case involves a claim of copyright infringement against the United States Department of Education for unlawful copying and distribution of videotapes of Plaintiff's film, "Deafula," a film based upon the Dracula legend and adapted for the deaf and hearing-impaired. Pending before the Court is Defendant's Motion for Summary Judgment on Limitations and Laches and Partial Summary Judgment on Damages. For the reasons stated below, Defendant's motion for summary judgment on limitations is GRANTED–IN–PART and DENIED–IN–PART, Defendant's motion for summary judgment on laches is DENIED as moot, and DEFENDANT's motion for partial summary judgment on damages is GRANTED.

### II. Background

Plaintiff Peter Wechsberg created and directed "Deafula." He published the film, with copyright notice, in January 1975, although he did not formally register his film with the United States Copyright Office until October 13, 1998.[1] On April 18, 1977, doing business as "Signscope," he contracted with the Captioned Films and Telecommunication Branch of the United States Department of Health, Education, and Welfare (the predecessor of the Department of Education) to provide 12 black and white "16mm prints" of the film for a fee of $20,000.[2] There is some disparity whether the term of the license to the government was for the life of the 16mm prints or five years.[3]

At some point prior to October 1, 1995,[4] the Government's contractor administering the Department of Education's free-loan captioned film circulation program copied the film from 16mm format to videotape. Videotapes of "Deafula" were advertised for distribution and were circulated to the public up to October 13, 1998.[5] The documentation of specific videotape distribution is scant, but Defendant has acknowledged evidence of "approximately 206 distributions" during "the time periods of August 29, 1997 and October 13, 1998."[6] Plaintiff avers that the videotapes were of poor quality, chopping off end credits and presenting a murky image. His suit alleges that the Government's videotape copying and distribution were not authorized by the contract and constitute copyright infringement.

Mr. Wechsberg maintains that he did not learn of the improper videotape copying and distributions until sometime in 1998. On February 24, 2000, via counsel, Mr. Wechsberg presented a written claim for copyright infringement and damages to the Department of Education.[7] Correspondence contin-

1. Pl.'s Compl. for Copyright Infringement, para. 1; Def.'s Mot. Summ. J.App. A5.

2. Def.'s Mot. Summ. J.App. A9; App. A47.

3. Def.'s Mot. Summ. J.App. A47, A49; A94 (Wechsberg Dep. at 39).

4. Def.'s Mot. Summ. J.App. A57, A63.

5. Pl.'s Resp. to Def.'s Mot. Summ. J.App. A12.

6. Oral Argument July 17, 2002, Tr. 20:25—21:4.

7. Def.'s Mot. Summ. J.App. A149.

ued between the Department and Plaintiff's counsel through August 15, 2000, although there was no resolution of the dispute and apparently no formal denial of Plaintiff's claim. On February 16, 2001, Plaintiff brought suit in this Court for copyright infringement pursuant to 28 U.S.C. § 1498(b) (Section 1498(b)).

Subsequent to oral argument on July 17, 2002, on the Government's three-part motion for summary judgment, Plaintiff submitted an Election for Statutory Damages, pursuant to 17 U.S.C. § 504(c) (Section 504(c)), seeking an award of statutory damages in lieu of actual damages and profits.

## III. Discussion

This Court possesses jurisdiction over this action pursuant to Section 1498(b), which provides that the "exclusive action" for a claim of copyright infringement against the United States—or a contractor acting with the Government's authorization and consent—shall be before the United States Court of Federal Claims.

The Government seeks summary judgment [8] on the grounds that Plaintiff's claim is wholly barred from recovery of damages by the limitations period explicit in Section 1498(b) for infringement of a copyright committed more than three years prior to the filing of the complaint and is barred as well by the equitable doctrine of laches. The third part of Defendant's motion for summary judgment, that Plaintiff's recovery is limited to no more than minimum statutory damages because he has failed to prove actual damages, has been somewhat refocused by Plaintiff's election for statutory damages in lieu of actual damages. Despite Plaintiff's election, the question remains whether Plaintiff, if he can recover at all, is limited by Section 1498(b) to the minimum statutory damages provided under general copyright law, 17 U.S.C. § 504(c), or whether the Court can award statutory damages within the range provided thereunder. These questions will be addressed in turn.

---

**8.** Defendant has explicitly reserved for further argument at trial, if necessary, whether Plaintiff's original license to the Government allowed for copying of the film from 16mm reel to videotape

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Rules of the Court of Federal Claims (RCFC) 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A material fact is one that might affect the outcome of the suit. *Id.* at 248, 106 S.Ct. 2505. A material fact is genuine if the evidence is such that a reasonable jury or trier of fact could return a verdict in favor of the non-moving party. *Id.* Initially, the moving party bears the burden of demonstrating the absence of genuine issues of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party can meet its burden by demonstrating the absence of issues of material fact or showing the absence of evidence to support the non-moving party's case. *Id.* If the moving party makes such a showing, the burden shifts to the non-moving party to present such evidence. *Id.* at 324, 106 S.Ct. 2548. The non-moving party must present a foundation for facts sufficient to support a verdict in its favor, with all reasonable inferences resolved in its favor. *Arthur A. Collins, Inc. v. Northern Telecom, Inc.,* 216 F.3d 1042, 1047–48 (Fed.Cir.2000).

### A. Limitations

■ The three-year period of limitations in Section 1498(b) would seem to bar Plaintiff from recovery for any infringement by the Government earlier than February 16, 1998 (three years before the filing of Plaintiff's complaint in this Court). The relevant language of the statute provides:

> Except as otherwise required by law, no recovery shall be had for any infringement of a copyright covered by this subsection committed more than three years prior to the filing of the complaint . . . .

28 U.S.C. § 1498(b); *Pentagen Techs. Int'l Ltd. v. United States,* 175 F.3d 1003, 1005 (Fed.Cir.1999).

---

and whether Plaintiff in fact retained for himself distribution rights to the film or contracted such rights to a third party.

It is a matter of first impression, however, whether the accrual date of a cause of action *pursuant to Section 1498(b)* occurs upon the first infringement of the copyrighted work, as argued by Defendant, or whether the limitations period is triggered by the last infringing act of a series of acts infringing a copyright, per general copyright law, as argued by Plaintiff. In the absence of case precedent construing Section 1498(b), Defendant's argument is based on analogy to patent law consistent with Section 1498(a) [9] decisions as well as the legislative history of Section 1498(b). Under Defendant's analysis, Plaintiff's action is wholly barred by the three-year limitations period because the allegedly unauthorized copying of Plaintiff's film occurred at least as far back as October 1, 1995, more than five years before suit was filed. On the other hand, if the unauthorized distribution of "Deafula" was part of a continuing infringement (through October 13, 1998), then Plaintiff's suit was filed within three years of the last infringing act. Plaintiff further argues that, so long as his suit was filed within the limitations period, he is therefore entitled to reach back beyond the three-year period for all infringing acts, under a continuing wrong theory.

As will be addressed below, the Court holds that Plaintiff's cause of action under Section 1498(b) accrues as late as, and the statute of limitations therein begins to run from, the time of the most recent act of infringement in a series of infringing acts. Further, although there is a split among the federal courts of appeals as to whether a series of related infringing acts is considered to be a continuing wrong, *compare Taylor v. Meirick*, 712 F.2d 1112, 1119 (7th Cir.1983)(applying continuing wrong doctrine to copyright infringement) *with Stone v. Williams*, 970 F.2d 1043, 1050 (2d Cir.1992)(continuing wrong doctrine rejected in copyright infringement context), the Court holds that a plaintiff may not recover under Section 1498(b) for copyright infringements that occurred outside the limitations period. This holding is based on the plain language of Section 1498(b), the strict construction of waivers of sovereign immunity that governs this Court, *Inter–Coastal Xpress, Inc. v. United States*, 296 F.3d 1357, 1365–66 (Fed. Cir.2002), and the weight of precedent under general copyright law.

1. The Legislative History of Section 1498(b) Does Not Mandate Exactly Parallel Application of Patent Principles in Determining the Accrual Date of a Cause of Action for Copyright Infringement.

Defendant cites the legislative history of Section 1498(b) for the proposition that Congress intended to treat Governmental copyright infringement, like patent infringement, as analogous to an eminent domain taking of a license:

> Furthermore, it seems illogical to treat copyright infringements by the United States differently from patent infringements, in view of the established principle that the federal government should not be appropriating private property without just compensation, which principle was long ago adopted with regard to infringement of patents.

S.Rep. No. 1877 (86th Cong., 2nd Sess.1960, reprinted in 1960 U.S.C.C.A.N. 3444, 3446 ("Senate Report")).

It is manifest from a reading of the full Senate Report that the statement, *supra*, is one of general principle, rather than a specific prescription to treat copyright infringement exactly parallel to patent infringement. Prior to the enactment of Section 1498(b), there was no exception under sovereign immunity allowing for suit against the Government for copyright infringement. The purpose of the legislation was to "waive the sovereign immunity of the United States for infringement of copyrights by extending the provisions of Section 1498 of Title 28 ... to

---

9. 28 U.S.C. § 1498(a) provides, in relevant part: Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the United States Court of Federal Claims for the recovery of his reasonable and entire compensation for such use and manufacture.

permit an action in the Court of Claims ...." *Id.* at 3444. The Senate Report further explains, "The bill [H.R. 4059] is based, *generally,* upon provisions *similar* to those now existing in federal law for patents, but with modifications appropriate to the nature of copyright property." *Id.* at 3446 (emphases added). Rather than buttressing Defendant's argument, the Senate Report evinces a legislative intention to tie Section 1498(b) much more closely to general copyright law than to patent law under Section 1498(a).[10]

Defendant instead would marry the Senate Report's observation of the general "illogic" of treating copyright infringement differently from patent infringement to its otherwise innocuous language of "extending" Section 1498 to cover copyright infringement, in order to beget an interpretation of 1498(b) as an exact twin, rather than a mere sibling, of 1498(a). In support, Defendant cites *Auerbach v. Sverdrup Corp.,* 829 F.2d 175, 179–80 (D.C.Cir.1987), in which the court looked to precedent under Section 1498(a) to resolve whether a government contractor had authorization and consent from the government sufficient to waive sovereign immunity for an action for copyright infringement under Section 1498(b). The court noted, "A narrowly tailored construction of the waiver is supported by the caselaw interpreting the sister provision, section 1498(a), waiving immunity for patent infringements by the government." *Id.*

If the determination of the date of accrual of a cause of action under Section 1498(b) were to be determined solely by resort to patent law precedent under Section 1498(a), there would be no question before this Court. Such precedent establishes that under Section 1498(a), and patent law generally, the accrual date for a cause of action begins with the date of first infringement. *Decca Ltd. v. United States,* 210 Ct.Cl. 546, 544 F.2d 1070, 1082 (1976); *Starobin v. United States,* 229 Ct.Cl. 67, 662 F.2d 747, 749–50 (1981). The government here particularly emphasizes the

*Starobin* decision, in which the Court of Claims rejected plaintiff's argument that a new, compensable taking occurred with each unauthorized use of each device embodying the patented invention:

> [F]or each particular device only one right of recovery can arise, and that right must occur upon the first manufacture or use by or for the government of that specific device .... Each device, i.e., each individual member of the universe of infringing devices, can be taken only once in its lifetime, and if that taking occurs prior to the six-year period which immediately precedes the filing of the lawsuit in the Court of Claims, then recovery as to that particular device is barred forever by 28 U.S.C. s 2501.

*Id.* (footnote omitted).

While it may often be useful to look to patent law decisions for guidance in the resolution of questions of copyright law, *RT Computer Graphics, Inc. v. United States,* 44 Fed. Cl. 747, 758 n. 10 (1999), the inquiry must take into account differences between these aspects of intellectual property. In *Sony Corp. of America v. Universal City Studios, Inc.,* 464 U.S. 417, 439, 104 S.Ct. 774, 78 L.Ed.2d 574 (1984), a copyright infringement action against manufacturers of home videotape recorders, the Supreme Court observed, "The closest analogy [as to the issue of vicarious liability] is provided by the patent law cases to which it is appropriate to refer because of the historic kinship between patent law and copyright law." The Supreme Court further noted, however, "The two areas of the law, naturally, are not identical twins, and we exercise the caution which we have expressed in the past in applying doctrine formulated in one area to the other." 464 U.S. at 439 n. 19, 104 S.Ct. 774.

This Court looks to Title 17 to ascertain the substantive law setting forth the rights of copyright owners. *Steve Altman Photography v. United States,* 18 Cl.Ct. 267, 279

---

**10.** The Senate Report notes, "The 3–year period of limitation was adopted in order to conform this bill to Public Law 85–313 (85th Cong.) which sets up a uniform statute of limitations of 3 years on civil actions involving copyright infringements." *Id.* at 3447. Public Law 85–313

established a three-year period of limitations under general copyright law in Title 17 U.S.C. § 115(b). The Copyright Act of 1976 in turn rearranged Title 17 by moving Section 115 to Section 507.

(1989). Under 17 U.S.C. § 106, "[a] copyright owner has the exclusive right, *inter alia*, to reproduce the copyrighted work, to prepare derivative works, and to distribute copies to the public." *Boyle v. United States*, 200 F.3d 1369, 1374 (Fed.Cir.2000).

A patent, as described in the *Starobin* decision on which Defendant so heavily relies, can be infringed by one infringing party an unlimited number of times by the unauthorized manufacture of an unlimited number of individual devices. The first manufacture or use of each individual device in the class of patented devices can be an unauthorized taking that triggers its own period of limitations within which the patent holder may bring a cause of action. The continuing infringement of such a patent—that is, continuing unauthorized manufacture of individual devices—over many years would enable the patent holder an opportunity to bring a cause of action as to each device.

The Government here, however, would deny such an opportunity to a copyright holder if his song, book—or film—were similarly infringed. Where the patent holder could sue for infringement over the manufacture of the last device of a series of unauthorized devices, each unauthorized manufacture or use beginning its own period of limitations, a copyright holder would be limited to a period beginning with the first manifestation of infringement. Rather than treating patent and copyright similarly, Defendant's proposed accrual date for a copyright cause of action against the government would have the Court treat copyright owners, who have statutorily separable rights of reproduction and distribution of their works, more harshly. This Court will not apply the accrual date of a cause of action under Section 1498(a) to actions brought under Section 1498(b).

2. Plaintiff Cannot Recover Under Section 1498(b) for Infringing Acts Outside the Three–Year Period of Limitations.

■ Despite this Court's rejection of the Government's narrow theory of the accrual date of a copyright infringement action under Section 1498(b), Plaintiff's attempt to recover for infringement reaching back beyond the three-year limitations period is too expansive. Plaintiff claims a continuing wrong and would manipulate an instance, or instances, of infringement within the three-year limitations period in order to reach back beyond the three years to incorporate a cause of action for all aspects of the infringement.

The plain language of Section 1498(b) instructs otherwise:

Except as otherwise required by law, no recovery shall be had for any infringement of a copyright covered by this subsection committed more than three years prior to the filing of the complaint . . . .

28 U.S.C. 1498(b).[11]

In addition to the plain language of the statute, inasmuch as this Court is one of limited jurisdiction, the limitations periods in the statutes affording this Court jurisdiction—and any of their attendant exceptions—must be strictly construed. A claimant sues the United States by means of a

---

**11.** The statute does provides for a tolling of the limitations period:

. . . except that the period between the date of receipt of a written claim for compensation by the Department or agency of the Government . . . and the date of mailing by the Government of a notice to the claimant that his claim has been denied shall not be counted as a part of the three years, unless suit is brought before the last-mentioned date.

*Id.*

Although Plaintiff submitted a written claim for compensation to the Department of Education on February 24, 2000, his claim did not stop the limitations clock from running for the simple, however technical, reason that the Department never formally denied his claim. If the Department had denied his claim, the three-year limitations period of his lawsuit would be delayed by the amount of time between his claim to the Department and the Department's denial. Given the absence of a denied claim, however, logically his suit was indeed brought before "the last-mentioned date." Plaintiff's critique of the loophole in this statutory language—that the tolling feature of the limitations period in Section 1498(b) may be undermined, intentionally or not, by bureaucratic delay—is perhaps well-taken, but, alas for Plaintiff, is rather a legislative matter, not a question of law for this Court.

Furthermore, as Defendant has pointed out in its reply brief, the issue of administrative tolling is not pertinent to the issues raised in its motions for summary judgment, nor has Plaintiff raised the issue in any motion of its own or by cross-motion for summary judgment.

**164**

waiver of sovereign immunity; waivers of sovereign immunity must be explicit; and "any statute that creates a waiver of sovereign immunity must be strictly construed in favor of the government." *Boyle*, 200 F.3d at 1372–73.

Finally, the concept of a "continuing wrong" is tortious in nature, suggesting a further limitation on this Court's authority to reach back beyond the three-year limitations period.[12] Indeed, the stronger weight of authority under general copyright law argues against a "continuing wrong" theory for recovery of damages for infringements accruing before the limitations period. *Stone v. Williams*, 970 F.2d 1043, 1049–50 (2d Cir.1992)("Application of the continuing wrong doctrine generally has been rejected in the infringement context."); *Roley v. New World Pictures, Ltd.*, 19 F.3d 479, 481 (9th Cir.1994) ("[T]he statute [17 U.S.C. § 507(b)] bars recovery on any claim for damages that accrued more than three years before commencement of suit."); 3 M. Nimmer & D. Nimmer, *Nimmer on Copyright* § 12.05[A] at 12–132.1 to 12–132.2 (2002).

Accordingly, Defendant's motion for summary judgment on limitations is granted to the extent that Plaintiff is barred by Section 1498(b) from recovery of damages for copyright infringements that accrued more than three years before the date of the filing of Plaintiff's action. Defendant's motion for summary judgment on limitations is denied as to the accrual date of a cause of action under Section 1498(b).

## B. Laches

The second part of Defendant's motion for summary judgment seeks to bar Plaintiff

from recovery for the Government's copyright infringement by virtue of the doctrine of laches, an equitable defense that Plaintiff neglected to assert his right or claim causing prejudice to Defendant's case. To prove laches, a defendant must show that the plaintiff delayed in filing suit, that the delay was unreasonable and inexcusable, and that the delay has caused material prejudice or injury to the defendant. *Cravens L. Wanlass, Energystics, Inc. v. General Electric Co.*, 148 F.3d 1334, 1337 (Fed.Cir.1998).

Defendant maintains that Plaintiff had actual or constructive knowledge of a potential claim of copyright infringement against the Government for nearly 20 years (the potential claim ripening 5 years after the date of the contract by operation of the contractual term of 5 years or the life of the prints, whichever was first). Such a long delay in filing suit has prejudiced the Government through loss of records, death of a witness, and the unreliability of memories over such a long period. *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1033 (Fed.Cir.1992).

The issue of laches raises interesting and untested issues of law in copyright infringement actions before this Court and within the Federal Circuit. The questions, however, whether the equitable defense of laches is appropriate in a copyright infringement action, which is a suit in law rather than in equity, and whether, in light of separation of powers principles, the judicially created doctrine of laches may be employed to override a legislatively prescribed statute of limitations[13] are moot and need not be resolved, given this Court's holding, *supra*, that Plaintiff may not recover for infringements outside the three-year period before filing suit.

---

12. The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. 28 U.S.C. § 1491(a)(1). *See Precision Pine & Timber, Inc. v. United States*, 50 Fed.Cl. 35, 52 (2001).

13. *See Lyons P'ship v. Morris Costumes, Inc.*, 243 F.3d 789, 797 (4th Cir.2001) (separation of pow-

ers principles dictate that equitable timeliness rule cannot bar claims brought within statute of limitations); *Ivani Contracting Corp. v. City of New York*, 103 F.3d 257, 259–60 (2d Cir.1997); *Oneida County v. Oneida Indian Nation of New York*, 470 U.S. 226, 244–45 n. 16, 105 S.Ct. 1245, 84 L.Ed.2d 169 (1985)(". . . application of the equitable defense of laches in an action at law would be novel indeed."). *But see Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 954 (9th Cir.2001) (extraordinary delay and extraordinary prejudice may render laches appropriate, although unusual, despite a statutorily timely claim.).

If Plaintiff has a cause of action only for infringements going back three years from the date of filing suit, as held here, there is no basis for a defense claiming Plaintiff's unreasonable and inexcusable delay or unfair prejudice from loss of records or unreliable memories. Defendant's counsel acknowledged at oral argument on the motions for summary judgment that the laches argument would be irrelevant if the Court limited Plaintiff only to recovery for acts on or after February 16, 1998.[14]

In light of the Court's holding, therefore, on Defendant's motion for summary judgment as to limitations, the Court denies as moot Defendant's motion for summary judgment with regards to laches.

### C. Damages

■ The third and final part of Defendant's motion for summary judgment seeks judgment that Plaintiff has failed to demonstrate actual damages and should thus be limited at most to a recovery of minimum statutory damages. Defendant's motion has been somewhat sidestepped by Plaintiff's election, subsequent to briefing and oral argument, to seek statutory damages, in accordance with general copyright law, 17 U.S.C. § 504(c), rather than actual damages. Section 504(c) provides, in relevant part:

> Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work

... in a sum of not less than $750 or more than $30,000 as the court considers just. 17 U.S.C. § 504(c)(1).

The intersection of a claim against the Government for copyright infringement under 28 U.S.C. § 1498(b) and a plaintiff's option to elect statutory damages rather than actual damages pursuant to 17 U.S.C. § 504(c) is another matter of first impression presented by this case.

By Plaintiff's election for statutory damages, therefore, the range of recovery, if Plaintiff is entitled to recover at all, would be from $750 to $30,000.[15] It should be noted that the legislative history of Section 504(c) instructs that "a single infringer of a single work is liable for a single amount" within the statutory range, "no matter how many acts of infringement are involved in the action and regardless of whether the acts were separable, isolated, or occurred in a related series." H.R.Rep. No. 1476 (94th Cong., 2d Sess.1976, reprinted in 1976 U.S.C.C.A.N. 5659, 5778). *See also Walt Disney Co. v. Powell*, 897 F.2d 565, 569 (D.C.Cir.1990); *Latin American Music Company, Inc. v. Spanish Broad. Sys., Inc.*, 866 F.Supp. 780, 783 (S.D.N.Y. 1994).

The question that remains is whether Plaintiff is further limited to *minimum* statutory damages pursuant to Section 1498(b).[16] Section 1498(b) provides for the copyright owner's "recovery of reasonable and entire compensation as damages for such infringement, *including the minimum statutory damages* as set forth in section 504(c) of title 17, United States Code ...." (emphasis added). The phraseology strongly suggests that the word "including" in the statute should be

---

14. THE COURT: "I presume that the [l]aches argument would be irrelevant if the Court confines itself only to acts on or after February 16, 1998 ...." DEFENDANT'S COUNSEL: "That's true." THE COURT: "So that would disappear." Tr. 17:2–6, July 17, 2002.

15. Plaintiff has not raised an issue of "willful" infringement, which pursuant to clause (2) of Section 504(c) enables the court in its discretion to increase the award of statutory damages to not more than $150,000; nor has Defendant raised an issue of "innocent" infringement, which pursuant to the same clause, enables the court to reduce an award of statutory damages to not less than $200. Section 504(c)(2).

16. Neither party has raised an issue of the impact of 17 U.S.C. § 412, requiring registration of the copyright as a prerequisite to statutory damages for copyright infringement. That section provides that no award of statutory damages shall be made for infringement of a copyright commenced after first publication of the work but before the effective date of registration (unless registration was made within three months after first publication of the work). 17 U.S.C. § 412(2). Here, Plaintiff's copyright was registered on October 13, 1998. The record does not reflect any distribution of the "Deafula" videotapes after that same date. *See* n. 5, *supra*.

read to mean "but at least," that is, that the damage recovery available to a plaintiff as "reasonable and entire compensation" would in no event (presuming infringement is proven) be less than the "minimum" statutory damages. Where a plaintiff lacks proof of actual damages, Section 1498(b)'s reference to minimum statutory damages serves as both a floor and a ceiling on recovery.

Defendant would have the Court enforce that statutory minimum as both a floor and a ceiling on damages *even* in the context of a plaintiff's election under Section 504(c).[17] Such a reading makes no sense, as there would then be no logical reason for a plaintiff ever to make such an election. If such a plaintiff were limited in that event to a ceiling of $750 in damages, he might as well proceed solely under Section 1498(b) to put on his best case for "reasonable and entire compensation," with the security of that same statutory minimum as a floor for his recovery.

Accordingly, in the overlap of both sections, construing Section 1498(b) as establishing the statutory minimum as a floor, but not as a ceiling, for recovery of damages is the only interpretation in harmony with Title 17's option for a plaintiff to elect statutory damages. " '[W]hen two statutes are capable of co-existence . . . it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective.' " *Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer,* 515 U.S. 528, 533, 115 S.Ct. 2322, 132 L.Ed.2d 462 (1995) (quoting *Morton v. Mancari,* 417 U.S. 535, 551, 94 S.Ct. 2474, 41 L.Ed.2d 290 (1974)).

A recovery of "reasonable and entire compensation" suggests that the burden of proof lies with Plaintiff. Although neither the parties nor this Court has discovered any case in this Court or the Federal Circuit, or elsewhere, discussing the standard for "reasonable and entire compensation" solely in the context of an action under Section 1498(b) for copyright infringement, the phrase appears in both Sections 1498(a) and 1498(b). It is also an established canon of statutory interpretation that identical clauses within the same statute should be interpreted the same. *Comm'r v. Keystone Consol. Indus., Inc.,* 508 U.S. 152, 159, 113 S.Ct. 2006, 124 L.Ed.2d 71 (1993). In the context of patent infringement actions under Section 1498(a), the patentee or licensee bears the burden of proving actual damages, such as lost profits, by demonstrating an expectation of exclusivity and the absence of noninfringing alternatives, *Brunswick Corp. v. United States,* 36 Fed. Cl. 204, 208 (1996), or of calculating a reasonable royalty (the more appropriate measure of damages in governmental patent infringement actions). *Id.* "It is in the court's discretion to select the theory of compensation that most adequately provides reasonable and entire compensation for patent infringement." *Id.* at 208–09. Even as to a reasonable royalty, the patent owner bears the burden of proof on damages. *Fromson v. Western Litho Plate & Supply Co.,* 853 F.2d 1568, 1574 (Fed.Cir.1988); *Standard Mfg. Co., Inc. v. United States,* 42 Fed. Cl. 748, 759 (1999).

By electing statutory damages rather than proving a case for actual damages or lost profits, however, Plaintiff has effectively opted to forego the burden of proof suggested by Section 1498(b)'s "reasonable and entire compensation" standard. *Video Views, Inc. v. Studio 21, Ltd.,* 925 F.2d 1010, 1016 (7th Cir.1991) ("We believe the statutory damage provisions of the Copyright Act were intended to relieve the aggrieved copyright owner of the task of proving its actual damages . . ."); *Nintendo of America, Inc. v. Ketchum,* 830 F.Supp. 1443, 1445 (M.D.Fla.1993)(plaintiff may elect statutory damages regardless of whether adequate evidence exists of actual damage to copyright owner); *United Features Syndicate, Inc. v. Spree, Inc.,* 600 F.Supp. 1242, 1245 (E.D.Mich.1984) (statutory damages are "in lieu" of actual damages and awarded where profits or damages are difficult to prove).[18]

---

**17.** Oral Argument July 17, 2002, Tr. 34:20–22; 36:20–37:1.

**18.** In practical terms, the Court recognizes that the outcome may be the same whether a plaintiff proceeds solely under Section 1498(b) or additionally invokes Section 504(c). At least under the latter combination, such a plaintiff may hope that his evidence of damages, although lacking strong proof, may nevertheless be sufficiently persuasive to convince the court in its discretion

Despite Plaintiff's reliance on the less demanding threshold of proof allowed by his election for statutory damages, the Court's broad discretion to make an award within the range of statutory damages is still somewhat circumscribed. "[C]oncerns of due process and the opportunity for meaningful, if limited, appellate review contemplate that the district court would provide some explanation of the factual findings that underlie this exercise of discretion to award greater than minimum statutory damages." *Video Views, Inc.*, 925 F.2d at 1017. If the copyright owner seeks no more than minimum statutory damages, the record on damages need not reflect much, if anything, more than a finding of infringement. If a greater amount of statutory damages is awarded, the evidentiary record should adequately support that determination. *Id.* at 1016–17.

The Court holds here that Plaintiff has failed to demonstrate any genuine issues of material fact. "Deafula" had no fair market value during the limited period of infringement in which Plaintiff is entitled to claim a cause of action: the film had had no income for over ten years;[19] Plaintiff's testimony regarding a marketing test was unsupported;[20] and the contention that Plaintiff's marketing test failed because of Defendant's unauthorized free distribution of the "Deafula" videotapes amounts to attorney argument that cannot substitute as evidence. *Johnston v. IVAC Corp.*, 885 F.2d 1574, 1581 (Fed.Cir. 1989).

Based on the lack of evidence of damages to Plaintiff in the record presented, this Court sees no reason to award Plaintiff any amount more than the minimum statutory damages afforded under either Section 504(c) or Section 1498(b). Moreover, given that Plaintiff's copyright was registered on October 13, 1998, much more than three months after the first publication of "Deafula," and that there is no evidence of copyright infringement on the part of the Government

after that same date, therefore, by operation of 17 U.S.C. § 412, i.e., no statutory damages recovery for copyright infringement prior to registration, the Court is obliged to hold that Plaintiff is precluded from any award of statutory damages at all.

## IV. Conclusion

For the reasons cited above, the Court GRANTS–IN–PART and DENIES–IN–PART Defendant's motion for summary judgment on limitations, DENIES as moot Defendant's motion for summary judgment on laches, and GRANTS Defendant's motion for partial summary judgment on damages.

The Clerk of the Court is directed to dismiss the complaint.

---

to award damages greater than the minimum. *See Video Views*, 925 F.2d at 1017 ("The district court is accorded wide and almost exclusive discretion in determining the size of the discretionary damage award."), citing *Douglas v. Cunningham*, 294 U.S. 207, 210, 55 S.Ct. 365, 79 L.Ed. 862 (1935).

**19.** Def.'s Mot. Summ. J.App. A100 (Wechsberg Dep. at 69).

**20.** Def.'s Reply Mot. Summ. J. 8–11 (Wechsberg Dep. 57–61).