**Ronald J. SEELEY, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 03–3240.

United States Court of Appeals, Federal Circuit.

DECIDED: Dec. 5, 2003.

Before MAYER, Chief Judge, MICHEL and SCHALL, Circuit Judges.

PER CURIAM.

Ronald J. Seeley appeals the decision of the Merit Systems Protection Board ("board") dismissing his claims for lack of jurisdiction. No. CH0752030093–I–1 (MSPB Jun 23, 2003). We review this decision *de novo. See Waldau v. Merit Sys. Prot. Bd.,* 19 F.3d 1395, 1398 (Fed. Cir.1994). Because the board failed to make required factual findings, we *vacate* and *remand.*

In the board's Acknowledgment Order dated November 13, 2002, the administrative judge informed Seeley that he had the burden of establishing jurisdiction by showing that he was either preference-eligible or a management or supervisory employee. *See id.* (citing 39 U.S.C. § 1005(a) and 5 U.S.C. § 2108). In response, Seeley submitted documents that conceivably support a finding that he was a supervisory employee pursuant to 29 U.S.C. § 152(11). Thereafter, the administrative judge dismissed the appeal for lack of jurisdiction, finding that Seeley was not entitled to preference-eligible status. The administrative judge failed, however, to determine whether Seeley was a supervisor or a management employee.

On appeal, the government argues that while Seeley did submit evidence of his "supervisory potential," he failed to allege that he was a supervisor. It is clear from the papers he submitted, however, that he was attempting to prove that he was a supervisory employee. This is evident from several documents that refer either directly or impliedly to Seeley's position as "supervisory." As such, and because we generally interpret a *pro se* complaint liberally, *Pentagen Tech. Int'l Ltd. v. United States,* 175 F.3d 1003, 1005 (Fed.Cir.1999), the board should have considered and made attendant factual findings as to whether Seeley was a supervisory employee. *See Killip v. OPM,* 991 F.2d 1564, 1568–69 (Fed.Cir.1993). The decision of the board is vacated and remanded for further proceedings consistent with this opinion.